OPINION
This matter presents a timely appeal from a summary judgment rendered by the Jefferson County Common Pleas Court, finding defendants-appellees, City of Toronto and M.P.W. Industrial Services, Inc., not liable for negligence.
On December 27, 1995, appellee, City of Toronto, received several complaints from residences in the area complaining of a sewer back up. The City of Toronto immediately dispatched employees to inspect manholes in the area. The employees confirmed that a blockage existed in the sewer line. The City of Toronto then contracted with appellee, M.P.W. Industrial Service, Inc. to remove the blockage. They began work on December 29, 1995.
In order to unclog the sewer, water was forced into the system causing some residents, including plaintiffs-appellants Robert Yetts, Sr., et al., to experience a sewer back up. Appellants allege that there were two to three feet of sewage, including human waste, in their basement. After discovering the sewage, appellants informed both appellees of the back up. Appellants were allegedly told to clean up the mess on their own. While doing so, appellant, Robert Yetts, Sr., claimed that he began to feel dizzy due to the putrid sewer fumes which caused him to fall down his basement steps, landing on his back in the waste just as he was attempting to reach fresh air. Due to injuries sustained by Mr. Yetts from the fall, appellants sued appellees for negligently maintaining the sanitary storm system and failing to clean the sewage in their basement which caused Mr. Yetts' injury.
Following extensive discovery procedures, the matter came before the trial court on a motion for summary judgment by appellees. On December 11, 1997, the trial court found that there was no dispute of any material fact. The trial court found that appellees were entitled to judgment as matter of law, thereby dismissing the complaint of appellants with prejudice and costs. It is from this decision that appellants appeal.
Appellants' sole assignment of error on appeal alleges:
 "The Trial Court erred in granting Summary Judgment to Defendants City of Toronto and M.P.W. Industrial Services, preventing Plaintiffs from presenting their claims of negligence where the Ohio Revised Code Section 2744.02 (B) (2) (3), and Section 2744.01 (G) (2) (d)
specifically hold a City responsible for its negligence, especially gross negligence, and the resulting damage and injury to residents of that City caused by their negligent actions."
Summary judgment is governed by Civ.R. 56 (C), which states, in pertinent part:
 "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
As set forth by the Ohio Supreme Court in Welco Industries,Inc. v. Applied Companies (1993), 67 Ohio St.3d 344, 346:
 "Under Civ.R. 56, summary judgment is proper when" (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' * * * Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party."
The Ohio Supreme Court in Dresher v. Burt (1996), 75 Ohio St.3d 280, held that a moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56 (C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims.
The Ohio Supreme Court, in Dresher, supra, further held that once the moving party has met its initial burden, the nonmoving party must then produce any evidence for which such party bears the burden of production at trial. In reviewing a trial court's decision to grant summary judgment, a court of appeals must conduct a de novo review of the record. Renner v. DerinAcquisition Corp. (1996), 111 Ohio App.3d 326.
Appellants maintain that there is an issue as to the negligence of appellees. Actionable negligence requires a showing of a duty, a breach of that duty and an injury proximately resulting therefrom. Meniffee v. Ohio Welding Products, Inc. (1994),15 Ohio St.3d 75. It is the appellant's burden to identify a duty owed by the appellee and then to show a breach of that duty actually exists. Merifee, supra. Where no duty exists there can be no legal liability. Menifee, supra.
Appellants argue that the City of Toronto had a duty to maintain and repair the sewers in a proper fashion as a proprietary function pursuant to R.C. 2744.81(G)(2)(d), and that the City of Toronto breached that duty by negligently maintaining the sewer system and by instructing appellants to clean up the sewage themselves. Further, appellants contend that the City of Toronto had prior notice of sewer problems in the area. Appellants point to a single affidavit, which involves an incident in which the city had rushing water in the streets. Thus, appellants reason that the City of Toronto had notice of the sewer problem and therefore, should have foreseen the injury sustained by Robert Yetts, Sr.
Moreover, appellants argue that the City of Toronto does not automatically enjoy immunity for its activities concerning the maintenance of the sewage system. R.C. 2744.02 (B) (2) states, "political subdivisions are liable for injury, death, or loss to persons or property caused by negligent performance of acts by their employees with respect to proprietary functions of the political subdivision."
In Williams v. City of Columbus (1973), 33 Ohio St.2d 75, 80, the Ohio Supreme Court adopted the definition of proprietary functions as set forth in Wooster v. Arbenz (1927), 116 Ohio St. 281, as follows:
 "`If * * * there is no obligation on the part of the municipality to perform * * * (a given function) and the city has an election whether to do or omit to do those acts, the function is private and proprietary.'"
The maintenance, destruction, operation and upkeep of a sewer system is a proprietary function under R.C. 2744.01 (G) (2) (d)
Appellants claim that once the City of Toronto took it upon itself to maintain and repair the system, and did so in a negligent manner, the sovereign immunity defense as set forth in R.C. 2744.01 was no longer available to it. Thus, appellants assert that appellees' negligence caused injury and therefore, an issue of material fact necessary to overcome summary judgment exists.
Appellants have not presented evidence indicating that appellees were negligent, therefore, no genuine issue of material fact exists and the trial court properly rendered summary judgment. Appellees acknowledge that they had a duty to maintain the sewage lines within the City of Toronto, however, this court finds no breach of that duty. Further, this duty is owed to the general public, thus any failure to perform the duty is a public injury and must be redressed, if at all, by some form of public prosecution, rather than individual action. Passov v. Paris Dev.Corp. (1988), 55 Ohio App.3d 202.
Appellants have not established any negligence on the part of the City of Toronto. Appellants have failed to produce affidavits which would demonstrate that the City of Toronto acted negligently in their response to the sewer line back up. On the other hand, the City of Toronto introduced affidavits, including that of George Cattrell, Service Director of the City of Toronto, stating that the City of Toronto conducted routine monthly inspections of the sewers, including inspecting manholes, followed by weekly inspection if plugged sewers were discovered.
Before liability can attach to a negligence claim, proof that appellee had either constructive or actual notice of the defect in the sewer system is required. Beebe v. Toledo (1958),168 Ohio St. 203. George Cattrell, in his affidavit, asserts that the City of Toronto had no prior knowledge of the blockage because the routine inspections did not reveal any indication of a clog. Thus, the City of Toronto lacked actual notice until December 27, 1996, at which time it hired M.P.W. Industrial Services, Inc. as an independent contractor, to force water through the sewer system to unclog the sewer. In order to establish constructive notice, appellants must demonstrate that the sewer condition existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered and that it would have created reasonable apprehension of potential danger. Feitshans v. Darke County
(November 29, 1996) Darke App. 96-CA-1405, unreported. In Steinerv. City of Lebanon (1973), 40 Ohio App.2d 219, the plaintiffs sought damages for flooding in their basement due to a sewer blockage and alleged negligence. The court held that because the city's inspection did not reveal a defect in the sewer system, no notice existed.
Similarly, no notice existed in the case sub judice. There was no evidence that the sewer condition existed for such a length of time that it should have been discovered or that its existence was so obvious that it should have been discovered.
Finally, the City of Toronto is not liable because political subdivisions, under R.C. 2744.03 (A) (5), are immune from liability "if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." The decision to force water through the system, which "caused the back up into appellants' basement, was a discretionary decision that is immune from liability.
Likewise, appellants failed to present evidence indicating that M.P.W. Industrial Services, Inc. was negligent. Because M.P.W. Industrial Services, Inc. was made aware of the sewer problem the day it was retained by the City of Toronto to unclog the sewer, it did not have the required notice for liability to attach.Beebe, supra. Furthermore, M.P.W. Industrial Services, Inc. had no prior dealings with the City of Toronto, illustrating its lack of notice, and ultimately, lack of negligence.
Thus, appellees' maintenance of the sewer system cannot be found negligent. In addition, even if appellees told appellants to clean the mess on their own, which the appellees dispute, that decision was also a discretionary use of resources which is immune from liability.
For the above stated reasons, appellants' sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Vukovich, concurs.
Waite, J., concurs.
APPROVED:
 __________________________________ EDWARD A. COX, PRESIDING JUDGE