Hart, J.
 

 Two questions are suggested for determination by this court:
 

 (1) Can private property be appropriated to public use, in the absence of a formal dedication or statutory condemnation?
 

 (2) Is a municipality liable for damage to private property caused by the deterioration of a sewer which was adopted into the municipality’s sewer system, the condition of which sewer inspection at reasonable intervals would have disclosed?
 

 It is conceded that there was no statutory appropriation of a private sewer originally constructed through the property of the plaintiff. However, the defendant tapped into the sewer, connected its own public sewers with the private sewer and thereafter used it as a public sewer. To have a common-law dedication of. property there must be an intention of the owners that the property be dedicated to public use' and an acceptance of the property by public authorities for such use. "Such acceptance, however, may be accomplished by a -continuous use of the property for public purposes. No formal acceptance as a matter of record is neces-sary.
 

 In 13 Ohio Jurisprudence, 744, Section 23, it is stated -as follows:
 

 “A common-law dedication of property to a public use may result from the use thereof by the public, with the mere silent acquiescence therein of the owner, for a period sufficient to warrant the inference, from such acquiescence, of an intention to make such dedication, even though such period be less than 21 years.” See, also, 4 McQuillin, Municipal Corporations (2 Ed.), 771, 772, Sections 1703 and 1704.
 

 
 *136
 
 In the opinion of the court,, the affirmative act of the defendant in 1932 in connecting its public sewer with the sewer in question and incorporating it into the public sewer system for the purpose of drainage from defendant’s Beverly Hills subdivision estops defendant from denying that the sewer became a public sewer devoted to a public use.
 

 In keeping with the previous conduct of the defendant as to the status of this sewer, in 1944, on complaint of the plaintiff, it sank an 11-foot shaft on the property of the plaintiff and near her house for the purpose of inspecting the sewer, an act consistent only with the public character of the sewer. See
 
 City of Norwood
 
 v.
 
 Sheen, Exr.,
 
 126 Ohio St., 482, 186 N. E., 102, 87 A. L. R., 1375;
 
 Steinle
 
 v.
 
 City of Cincinnati,
 
 142 Ohio St., 550, 53 N. E. (2d), 800;
 
 Town of Central Covington
 
 v.
 
 Beiser,
 
 122 Ky., 715, 92 S. W., 973; 4 McQuillin, Municipal Corporations (2 Ed.), 771, 772, Sections 1703 and 1704.
 

 This matter was set at rest by the finding of the trial court to the effect that the defendant, with the acquiescence of the plaintiff, connected one of its public sewers with the sewer which flowed under plaintiff’s house “thereby adopting and incorporating said sewer into the sewer system of said city * * Having taken over the sewer, the defendant continued to use it as a public sewer ever since. We are of the opinion that the evidence fully supported the findings of the trial court on such matter.
 

 The plaintiff does not claim that the use of such sewer by the defendant caused damage to her property, but does claim that, since the defendant took the sewer over and continued to úse it as a public sewer,, it became the clear duty of the defendant to maintain the sewer in such condition as to avoid injury to private property; and that no specific notice to the de
 
 *137
 
 fendant of the gradual deterioration of the sewer was necessary, since, the sewer having become a part of the public sewer system, it was the duty of defendant to inspect the sewer and maintain it in a safe condition.
 

 The contention of the plaintiff in this respect seems to square with the law on this subject. A municipality is not obliged to construct or maintain sewers, but when it does construct or maintain them it becomes its duty to keep them in repair and free from conditions which will cause damage to private property; and in the performance of such duty the municipality is in the exercise of a ministerial or proprietary function and not a governmental function within the rule of municipal immunity from liability for tort. The municipality becomes liable for damages caused by its negligence in this regard in the same manner and to the same extent as a private person under the same circumstances.
 
 City of Portsmouth
 
 v.
 
 Mitchell Mfg. Co.,
 
 113 Ohio St., 250, 148 N. E., 846, 43 A. L. R., 961;
 
 City of Salem
 
 v.
 
 Harding,
 
 121 Ohio St., 412, 169 N. E., 457; 38 American Jurisprudence, 340, Section 636.
 

 The defendant seeks to escape liability on the ground that it had no notice of the defect in the sewer which caused the damage to plaintiff’s property. It is true that a municipality is not liable for damages growing out of a dangerous condition which suddenly arises in connection with the use or operation of its streets, sewers or other structures, until it has actual or constructive notice of such condition. But, where there rests upon the municipality, as there did in this case, a duty of inspection of the sewer as an instrumentality under its supervision and control, the municipality becomes chargeable with notice of what reasonable inspection would disclose.
 

 The defendant was chargeable at all times with notice of defects which arose in the sewer' in question through the slow process of deterioration.
 

 
 *138
 
 The law on this subject is well stated in 38 American Jurisprudence, 341, Section 636, note 3, citing
 
 City of Portsmouth
 
 v.
 
 Mitchell Mfg. Co., supra,
 
 as follows:
 

 “The duty of a municipality to keep its sewers in-repair involves the exercise of a reasonable degree of watchfulness in ascertaining their condition, from time to time, and preventing them from becoming dilapidated or obstructed. Where the obstruction or dilapidation is an ordinary result of the use of the sewer, which ought to be anticipated and could be guarded against by occasional examination and cleansing, the omission to make such examinations and to keep the sewers clear is a neglect of duty which renders the municipality liable.”
 

 The trial court found that the damage to plaintiff’s house was due to the gradual deterioration of the sewer in question; that an inspection of the sewer at reasonable intervals would have disclosed the deterioration; that the defendant failed to exercise reasonable care in the inspection of the sewer; and that such failure was the proximate cause of the damage. With the facts so found there was complete support of plaintiff’s cause.
 

 The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Zimmerman, Stewart, Turner and Taet, JJ., concur.