Steiner et al., Appellees, v. City of Lebanon, Appellant.

[Cite as Steiner v. Lebanon (1973), 40 Ohio App. 2d 219.]

(No. 405—Decided May 14, 1973.)

*Mr. Jack Marshall*, for appellees.
*Mr. Cedric A. Stanley*, for appellant.

Shannon, J. This is an appeal from a judgment of the Court of Common Pleas of Warren County entered upon the verdict of a jury.

Plaintiffs, owners of separate pieces of real estate, jointly sued the city of Lebanon to recover damages for losses of personal property and injuries to real estate as consequences of the flooding of the basements of their homes. In their complaint, they alleged that the city sewer line located in the street upon which their properties abutted stopped up and caused sewage to back up into their respective basements. Further, they claimed that the same sewer line had become stopped up on a number of occasions over a nine year period, to the knowledge of the city, and that "as a result of the negligence of the defendant in failing to

repair the faulty condition of the city sewer,'' damages were suffered.

The city moved to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. That motion was overruled, and the city answered with an assertion, *inter alia*, that in providing and maintaining a sanitary sewer system for the public health and safety it is performing a governmental function and is immune from liability therefor.

After the jury returned its verdict awarding damages in different amounts to the plaintiffs, ultimately set forth in a single judgment entry, the city moved for judgment notwithstanding the verdict and for a new trial, in the alternative, both of which motions were overruled.

The defendant, the appellant herein, has assigned eleven errors, eight of which raise in one form or another the critical issue, viz., can a city be held to answer in damages for the negligent maintenance of a sanitary sewer without proof that there was an existing defect proximately causing damage of which the city had notice in sufficient time to have corrected it but failed to act?

Underlying this issue is another: in maintaining and repairing sewers, after construction, does a city engage in a proprietary or a governmental function?

We believe that the answer to the last stated question is given in *Doud* v. *City of Cincinnati*, 152 Ohio St. 132, although the rationale thereof seems to be questioned in the dissent of Judge Taft in *Broughton* v. *City of Cleveland*, 167 Ohio St. 29, at page 34.

The second and third paragraphs of the syllabus of *Doud, supra,* state:

"2. Where a municipal corporation uses and assumes the management and control of a sewer within the municipality, it is required to exercise reasonable diligence and care to keep the same in repair and free from conditions which will cause damage to private property; and the municipality's failure in this respect makes it liable for damages caused by its negligence, in the same manner and to the same extent as a private person under the same circumstances.

"3. Although a municipal corporation is not liable for damages growing out of a dangerous condition which suddenly arises in connection with the use or operation of its sewers until it has actual or constructive notice of such dangerous condition, yet, since the municipal corporation has a duty of inspection of its sewer as an instrumentality under its supervision and control, it becomes chargeable with notice of what reasonable inspection would disclose, including defects which may arise through the slow process of deterioration."

In *Broughton, supra* at page 33 of the opinion by the majority, we find the following:

"* * * this court has held the maintenance and repair of sewers, after construction, to be a ministerial or proprietary undertaking, in the doing of which the municipality is not absolved from tort liability. See *City of Portsmouth* v. *Mitchell Mfg. Co.*, 113 Ohio St. 250, 148 N. E. 846, 43 A. L. R. 961; *City of Salem* v. *Harding*, 121 Ohio St. 412, 169 N. E. 457; and *Doud* v. *City of Cincinnati*, 152 Ohio St. 132, 87 N. E. (2d), 243."

That holding is iterated in *Eversole* v. *City of Columbus*, 169 Ohio St. 205, at page 208.

The first assignment of error is that the court erred in overruling the motion of defendant to dismiss the action for failure to state a claim upon which relief can be granted. Although no specifications are given, the complaint does allege that the failure of the city to repair a faulty condition in the sewer proximately caused plaintiffs' damage. Applying the rule in *Doud, supra*, assuming that plaintiffs could prove what they alleged, the court did not err in overruling the motion to dismiss and, therefore, the first assignment is not well taken. The complaint does state claims upon which relief could be granted because the city was engaged in a proprietary function and could, upon proof of the claim stated, be held liable in tort.

The second assignment of error is that the court erred in failing to direct a verdict for defendant upon the opening statement. This assignment draws closer into focus the pervading issue first stated above. A reading of the opening statement made on behalf of the plaintiffs reveals

that it is, essentially, a detailing of the allegations of the complaint but does not contain a declaration of what the evidence will prove as to the defect which the city negligently failed to correct. However, considerable latitude is accorded, generally, in the making of opening statements. See 52 Ohio Jurisprudence 2d 540, Trial, Section 59. In this case, it is a close question, but giving the opening statement of plaintiffs the most favorable interpretation we cannot say that the court committed prejudicial error in overruling defendant's motion. The second assignment is not well taken.

The third, fourth, seventh, eighth, ninth, tenth and eleventh assignments of error clearly raise the issue whether the plaintiffs sustained their burden of proving negligence.

It is apparent from the record that the plaintiffs tried their case upon the theory that because the sewer stopped up on a number of occasions over a period of years, and the city had notice of such stoppages, the inference was to be drawn that there was a defect in the sewer and the failure to correct such constituted a tort for which the city was liable in damages.

After a careful examination of all the testimony and evidence, we can find nothing to support the claim of negligence. There is no proof that the city failed to exercise reasonable diligence and care to keep the sewer in repair and free from conditions which might cause damage to private property. Applying the rule in *Doud, supra,* the city is chargeable with notice of what reasonable inspection would disclose, but in the case at bar inspection failed to disclose any defect, even when made with a television camera passed through the sewer pipes. The overwhelming proof is that the stoppages were caused not by the negligence of the city but by objects and materials cast into the sewer by its users.

We conclude that the court should have directed a verdict for defendant at the conclusion of plaintiffs' case, or most certainly at the close of all the evidence, because there was a complete failure of proof on the issue of negligence. It is axiomatic that not every accident that occurs

gives rise to a cause of action upon which the party injured may recover damages from someone. Injury alone will not support an action, and where no legal rights are infringed there can be no remedy in damages. See 39 Ohio Jurisprudence 2d 485, Negligence, Section 4.

The verdict of the jury is both contrary to law and manifestly against the weight of the evidence.

We find the third, fourth, seventh, eighth and ninth assignments of error to be well taken for the reasons cited.

The tenth and eleventh assignments of error relate to the action of the court in overruling the motion for a judgment *non obstante veredicto* and overruling the motion for a new trial. Because of the failure of proof, the motion for judgment notwithstanding the verdict should have been granted, and the tenth assignment of error is well taken. Certainly, in the alternative, a new trial should have been ordered for the same reason. Therefore, the eleventh assignment of error is well taken.

The fifth assignment of error relates to the admission of evidence of permanent damage and was submitted without argument, either in the brief or orally. We are loath to place a stamp of approval upon the technique by which the evidence was adduced, but in ruling upon this assignment, it will suffice to say that it is not well taken because, from the record in its entirety, the error was harmless.

The sixth assignment relates to the charge of the court as it instructed the jury on the duty of the defendant city to ascertain the condition of its sewers. We can find nothing prejudicially erroneous in the charge as a whole and, therefore, the assignment is not well taken.

We believe the case at bar to present an instance of *dammum absque injuria* and that the judgment of the Court of Common Pleas of Warren County must be reversed and a final judgment rendered for the defendant, the city of Lebanon, Ohio.

*Judgment reversed.*

HESS, P. J., and PALMER, J., concur.