Defendant-appellant, the village of West Jefferson, appeals a decision of the Madison County Court of Common Pleas denying its motion for summary judgment and granting summary judgment to plaintiffs-appellees, P.L. Wamsley and Jerry Dhume. We reverse and remand for further proceedings.
In January 1993 appellees were residents of West Jefferson, living at separate residences on Crescent Drive. On January 5, 1993, the sanitary sewer backed up into appellees' basements. On December 23, 1994, appellees filed suit against appellant. Appellees claimed that the sewer system backup caused extensive damage to their homes and personal property. Appellees alleged that appellant was negligent in failing to exercise reasonable care and practice preventive maintenance on its sewer lines.
Appellants filed an answer generally denying negligence on February 15, 1995. On February 22, 1996, appellant filed an amended answer claiming immunity "pursuant to Ohio Revised Code Chapter 2744." Discovery was conducted and several jury trials were scheduled and continued. On September 24, 1996, appellant moved for summary judgment. The basis for appellant's motion was "[appellees] do not have admissible evidence to show the cause of the sewer backup." In support of this motion, appellant pointed to the deposition of appellee's expert, James Prater. Prater had been maintenance supervisor for the city of Hilliard from 1961 to 1968 and had held a similar position with Ohio State University. In his deposition, Prater indicated that preventive maintenance might have stopped the backup and visual inspections could have prevented it. Prater held no opinion to any probability about the cause of the harm. Appellant's summary judgment motion raised no issues concerning sovereign immunity.
On November 18, 1996, appellees filed a cross motion for partial summary judgment alleging that appellees had "evidence to show that [appellant] failed in a duty owed to [appellees] in that the appellant had a duty of reasonable inspection and then to act upon what that reasonable inspection showed."
Appellees noted that the cause of the backup was a blockage in appellant's sanitary sewer lines, caused by a massive grease jam. In their motion, appellees acknowledged that there was no case law which "state[s] with particularity what comprises a reasonable inspection by the Village." Appellees maintained that it was therefore appropriate to look to procedures and practices of other municipalities. Regarding inspection of the sewer lines by appellant, appellees pointed to the deposition of Ron Collins, appellant's Public Service Director. Collins indicated that in 1990 the village had looked in every manhole and problem area and that television inspection work had been done in 1981, surveying the whole village. Collins noted that no problems had been reported in the sewer line on Crescent Drive prior to the January 1993 incident. Appellees also pointed to deposition testimony by Harold Walker, appellant's interim service director. Walker had stated that the biggest problem in running the sewer system properly was grease and acknowledged that he would "from time to time" expect to have grease buildup and blockage in sewer lines. Walker stated that appellant made "periodic checks with flow monitors" on the sewer lines.
Appellees maintained that an affidavit from Prater provided the necessary expert testimony to substantiate their negligence claim. Prater stated that after his deposition he had been informed that the blockage was a mass of grease and that the village made no routine inspection of lines that had never had a blockage. He stated that although he had never inspected the village's sewer lines, he had been told the necessary degree of certainty of opinion in negligence cases. He then stated that if the above factors were presented in a hypothetical question he could answer that "a routine visual inspection of each manhole in the sewer line on Crescent Drive, by the Village of West Jefferson, on a twice-a-year schedule, would more likely than not, revealed [sic] the blockage in the line on Crescent Drive."
In response to appellees' motion, appellant maintained that Prater's affidavit was contradictory to his deposition testimony. In his deposition Prater had been more equivocal about what appellants should have done. He had stated that if a chemical had been applied it "might" have eaten the grease away, or if a visual inspection had been made, it "could" have alerted the village to the problem.
Appellant also pointed to deposition testimony that established that its maintenance program varied based upon the type of sewer line and whether the line had trouble with blockages in the past. Appellant noted that it conducts periodic checks on flow meters on the sewer line in different places. Collins had stated that the village both monitored and cleaned problem areas.
The trial court's decision and entry was filed on April 18, 1997. Appellee's motion for summary judgment was sustained as to liability. Appellant's motion for summary judgment was overruled. The trial court summarized some of the above evidence in deciding the cross motions for summary judgment. The trial court concluded that appellant did "little or no maintenance or service to the sanitary sewer system outside of complaints."
The trial court also reviewed Prater's deposition and affidavit and determined that they were not contradictory as Prater had not been provided with complete information at the time of his deposition. The court also found that expert evidence was not required to determine the issues.
Although the parties had not specifically referred to any sovereign immunity issues in their motions, the trial court briefly noted that R.C. 2744.02(B) contains exceptions for proprietary functions to the general rule of nonliability contained in 2744.02(A) and that a proprietary function includes the "maintenance, destruction, operation, and upkeep of a sewer system." R.C. 2744.01(G)(2)(d).
The trial court found that a municipality is required to exercise reasonable diligence to maintain its sewers and is charged with constructive notice of what a reasonable inspection would have disclosed. The court then came to the heart of the matter.
 The issues raised in the instant case are not rocket science. A grease ball blocked plaintiffs' sanitary sewers. The sewer had not been inspected since 1990 and had not otherwise been maintained since its construction. Defendant jetted the grease ball down the sewer, and plaintiffs' sewer flow returned to normal. The jurors are quite capable of forming their own judgment of what happened. There is nothing in the evidence involving scientific, mechanical or professional matters outside the knowledge of laymen. The law requires reasonable inspection. Here there was none. The law imposes constructive notice upon a municipality of what reasonable inspection would have disclosed. Clearly, a lay jury could easily find that reasonable inspection would have disclosed the buildup of grease in the sewer between 1990 and 1993. Any maintenance on the sewer would have dissolved the grease prior to the incident involved.
On July 11, 1997, appellant filed a motion for reconsideration. Appellant asserted that viewing the evidence in the light most favorable to it, the record evidence of flow monitoring a few hundred yards downstream from appellees' residences raised a material fact dispute as to whether appellant had acted reasonably. Appellant also raised a new argument, specifically claiming immunity based on R.C. 2744.03(A)(5) which provides immunity if the harm resulted from the exercise of discretion concerning equipment, personnel, or other resources unless the discretion was exercised in a wanton or reckless manner.
Appellees responded to this motion by noting that their expert had indicated that a reasonable inspection would consist of a routine visual inspection of each manhole in the sewer line on a twice a year schedule, therefore downstream flow monitoring was not a material fact precluding summary judgment. Appellees also stated that appellant had only referred generally to R.C. Chapter 2744 in its amended answer and that they had therefore waived any affirmative defense provided by R.C. 2744.03(A)(5).
Having found appellant liable, the case was set for trial on damages alone.[1] A bench trial was conducted and the trial court awarded appellees damages to realty based on the cost of repair in the amount of $3,854 to Wamsley and $2,698 to Dhume.[2] On appeal, appellant raises two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN SUSTAINING PLAINTIFFS-APPELLEES' MOTION FOR SUMMARY JUDGMENT.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
In support of its first assignment of error, appellant argues that genuine issues of material fact exist regarding appellant's alleged breach of duty to maintain the sewer lines, "where [appellant] acted upon the information gained from a reliable inspection plan, using a flow monitor to inspect the line which had no prior history of blockage problems."
Summary judgment is appropriate where (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in the light most favorable to the nonmoving party could reach but one conclusion which is adverse to the nonmoving party. Civ.R. 56(C); Welco Ind. Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-30; Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. If the moving party fails to satisfy this burden, the motion for summary judgment must be denied. Id. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-59.
Our standard of review for summary judgment is the same as that of the trial court. We review cases de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. In applying the de novo standard, we review the trial court's decision independently and without deference to the trial court's determination. Id.
Appellees moved for partial summary judgment on liability in response to appellant's motion. The trial court considered both motions together. Neither motion specifically addressed issues of sovereign immunity. The issue before the trial court was whether there were disputed issues of material fact on any of the elements of a negligence cause of action for municipal sewer maintenance.
The leading case on municipal sewer liability is Doud v. Cincinnati (1949), 152 Ohio St. 132. In Doud, the plaintiff introduced stipulated facts showing a gradual deterioration of the sewer over many years which had caused settling damage to her house. The sewer had not been inspected in over twenty years. The court held that a municipal corporation is required to exercise reasonable diligence and care to keep its sewers in repair. Id. at first paragraph of the syllabus. The court also held that although a municipal corporation is not liable for damages growing out of a dangerous condition which arises suddenly, it is chargeable with notice of what a reasonable inspection would disclose. Id. at paragraph two of the syllabus. As even appellees have noted, no case law has established just what constitutes a "reasonable inspection" of sewers. In Kendle v. Summit County (Apr. 15, 1992), Summit App. No. 15268, unreported, the Ninth District Court of Appeals affirmed the trial court's decision granting summary judgment to the county. Plaintiffs had argued that an almost three year period since the last inspection of the sewer was inherently unreasonable, presenting a triable issue of fact. The Ninth District disagreed, distinguishing the type of harm in Doud (deterioration affecting the foundation rather than a blockage), as well as the length of time since inspection (twenty-two years rather than three).
In ruling for appellees, the trial court noted that a jury "could easily find that reasonable inspection would have disclosed the buildup of grease in the sewer between 1990 and 1993." (Emphasis added.) The court did not cite any authority for this proposition. Furthermore, the fact that the jury could make such a finding did not authorize the trial court to make that finding as a matter of law. The trial court was in effect deciding that the standard of care for sewer inspections had been breached.
The purpose of summary judgment is to determine whether triable issues of fact exist, not to try issues of fact. See Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7. Prater's affidavit indicating that a twice yearly inspection could have prevented the backup provided a basis for denying appellant's motion; however, it was insufficient to establish appellant's liability as a matter of law. Where the applicable standard of care is clearly established and the facts are undisputed, summary judgment may often be appropriate. This is not such a case. Although the existence of a duty is a question of law, the issue of whether that duty was breached is normally a question of fact. Commerce Industry Ins. Co. v. Toledo (1989), 45 Ohio St.3d 96. Issues in a negligence case other than the existence of a duty should be withdrawn from a jury in only exceptional cases and never when the facts concerning the conduct of the parties as well as the standard of care that should be exercised are to be determined. DiEgidio v. Kealy (1959), 162 N.E.2d 171, 173.
Prater's affidavit did not establish a standard custom or usage regarding sewer inspection. Even if it had, evidence of usage and custom, while relevant to the determination of the standard of ordinary care, is not controlling. Kemper v. Builder's Square (1996), 109 Ohio App.3d 127. See, also, Thompson v. Ohio Fuel Gas Co. (1967), 9 Ohio St.2d 116, 117-18. Here the conduct of the parties is basically undisputed; however, there remained disputed issues of material fact concerning the proper standard of care. The trial court was correct in determining that appellant had a duty to maintain the sewer system under Doud. However, whether appellant's actions (relying on flow monitoring and responding to complaints) and inactions (failing to inspect all manholes every six months and treat with chemicals) constitute a breach of that duty is a question of fact for the jury. Therefore, appellant's first assignment of error is well-taken.
In its second assignment of error, appellant argues that it was entitled to summary judgment on immunity grounds. Although appellant had amended its answer to include a defense based generally on R.C. 2744, appellant's summary judgment motion went to issues of negligence alone. In the motion for reconsideration, appellant for the first time pointed to R.C. 2944.03(A)(5) which specifically provides:
 The political subdivision is immune from liability if the injury, death or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire or how to use equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose and bad faith or in a wanton or reckless manner.
The trial court did not issue a decision on appellant's motion for reconsideration, although it could have done so at any time up until final judgment was entered. See Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378, 379-80. Although the parties apparently assumed that the motion had been denied at or before the damages hearing, it is axiomatic that the court speaks only through its journal.
Although our review is de novo we do not sit as the trial court. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356. When sitting in review of a summary judgment decision, an appellate court is constrained by the issues the trial court addressed and should not consider issues raised by the parties but unaddressed by the trial court. Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84,89; Mid American Nat'l. Bank and Trust Co. v. Comte/Rogers Dev. Corp. (Sept. 30, 1996), Lucas App. No. L-95-329, unreported.
Therefore, appellant's second assignment of error is not welltaken at this time. On remand, the trial court should address the sovereign immunity issue in the first instance. Whether appellees can demonstrate negligence or not, they may be foreclosed from recovery if an immunity defense applies. See Griner v. Minster Board of Education (June 18, 1998), Auglaize App. No. 2-97-28, unreported.[3] See, also, Marcum v. Talawanda City Schools (1996), 108 Ohio App.3d 412.
The trial court's decision granting appellees' motion for summary judgment on liability is reversed and this case is remanded for further proceedings consistent with this opinion.
YOUNG, P.J., and KOEHLER, J., concur.
[1] Appellant's appeal of the judgment entry granting appellees summary judgment on liability alone was dismissed by this court as it was not a final appealable order.
[2] The record does not indicate that the trial court ever ruled on appellant's motion for reconsideration. A colloquy of the parties prior to the bench trial indicates that it may have been orally denied.
[3] We note that a decision denying immunity pursuant to R.C. 2744 is immediately appealable pursuant to R.C. 2744.02(C).