DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Lucas County Court of Common Pleas wherein summary judgment was granted to appellee, the city of Oregon. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On March 20, 2003, water and sewage backed up into the basement of appellant, Oregon resident, James N. Muranyi. The cause was determined to be a clogged sewer line on Navarre Avenue near appellant's home. When the city of Oregon refused to pay for the damages to appellant's basement, he filed a complaint against the city asserting both negligence and a breach of contract claim regarding the city's sewer system. Appellee filed a motion for summary judgment which was granted on November 27, 2005. Appellant now appeals setting forth the following assignment of error:
 {¶ 3} "I. The trial court erred in granting defendant/appellee's motion for summary judgment."
 {¶ 4} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 5} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 6} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery
(1984), 11 Ohio St.3d 75, 79."
 {¶ 7} R.C. 2744.02(B)(2) states:
 {¶ 8} "Except as otherwise provided in sections 3314.07 and3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions."
 {¶ 9} Pursuant to R.C. 2744.01(G)(2)(d) a proprietary function includes: "[T]he maintenance, destruction, operation, and upkeep of a sewer system."
 {¶ 10} The Supreme Court of Ohio stated in Doud v. City ofCincinnati (1949).
 {¶ 11} 152 Ohio St. 132, paragraph two of the syllabus:
 {¶ 12} "Where a municipal corporation uses and assumes the management and control of a sewer within the municipality, it is required to exercise reasonable diligence and care to keep the same in repair and free from conditions which will cause damage to private property; and the municipality's failure in this respect makes it liable for damages caused by its negligence, in the same manner and to the same extent as a private person under the same circumstances."
 {¶ 13} It should be noted that a municipal corporation is not liable for damages arising from a dangerous condition which results in connection with the operation of its sewers until it has actual or constructive notice of such dangerous condition. Id at paragraph three of the syllabus. As the municipal corporation has a duty of inspection of its sewer as an instrumentality under its supervision and control, it becomes chargeable with notice of dangerous conditions a reasonable inspection would disclose. Id.
 {¶ 14} Appellant contends there is a genuine issue of material fact as to whether or not the city of Oregon maintained and kept up the sewer line on Navarre Avenue. Appellant also contends that the city's failure to adequately maintain its sewers amounted to a breach of an implied contract with appellant.
 {¶ 15} In support of its motion for summary judgment, appellee submitted the deposition of retired Oregon street department employee, Randy L. Gillen. Gillen testified that the city of Oregon annually cleaned all sewer lines, including the lines that serviced appellant's property, with a high pressure jet machine. Additionally, the city used television cameras to inspect the sewers. On March 20, 2003, Gillen testified he went out to appellant's neighborhood to investigate reports of backed up sewage. He determined the cause to be a clog of undetermined origin in one of the sewer lines on Navarre Avenue. The clog was flushed out by the city crews and the water drained from appellant's basement within one-half hour. Gillen testified that there was no evidence of structural damage to the sewer line and that this was the first time, to his knowledge, there had ever been a problem with the particular sewer line.
 {¶ 16} Also submitted in support was the affidavit of Paul Roman, Director of Public Services for the city of Oregon. He testified that the sewer line at issue was constructed around 1977. He testified that to the best of his knowledge, the sewer line has operated without any reported problem until March 20, 2003. He further testified that the sewer line was maintained in accordance with the usual and customary standards of other Ohio municipalities.
 {¶ 17} Ken Filipiak, municipal administrator for the city of Oregon, testified in an affidavit that the city of Oregon sewers are routinely cleaned and inspected. He further testified:
 {¶ 18} "While [appellant] has proposed a program of flushing, filming and inspection on a greater frequency than the city currently employs of all of the city's sewer lines, any such proposal would significantly increase man hours and personnel costs, require increased costs attending equipment and supplies, and would severely strain an already very limited city budget. Any foreseeable revenue from the city's operation of the sewer system would be insufficient to defray the increased costs associated with such a program. * * * This is particularly true in that any such inspections still would not insure that every potential clog caused by ordinary sewer usage in the city's sewer system would be uncovered in time to avoid the blockage of the type addressed in this lawsuit. Nor do I believe that any such program represents the custom of standard used in comparable cities in this area."
 {¶ 19} In the present case, there was no evidence that the Navarre Avenue sewer was in any way defective or that the city of Oregon had prior notice that the sewer was clogged or about to be clogged. The evidence submitted supported the city's contention that their sewers are regularly and adequately maintained. While appellant asserts that the city maintenance was deficient, appellant failed to demonstratively show that other methods would have prevented the clog.
 {¶ 20} "The possibility of a sewer becoming clogged, absent any negligence, is an unfortunate circumstance which we all must face as incident to the benefits received from a public sewer system." Kendle v. Summit County (Apr.15, 1992), 9th Dist. No. 15268, citing Steiner v. Lebanon (1973), 40 Ohio App.2d 219,222.
 {¶ 21} We conclude that there was no genuine issue of material fact regarding the city's maintenance of its sewers. Accordingly, the court did not err in granting summary judgment to appellee. Appellant's assignment of error is found not well-taken.
 {¶ 22} On consideration whereof, the court finds substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal for which sum judgment is rendered against appellee on behalf of Lucas County and for which execution is awarded. See App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Singer, P.J. Skow, J. concur.