[Cite as *Reinhold v. Univ. Hts.*, 2014-Ohio-1837.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100270

## DIANA REINHOLD, ET AL.

PLAINTIFFS-APPELLEES

vs.

## CITY OF UNIVERSITY HEIGHTS

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-779523

**BEFORE:** Blackmon, J., Boyle, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 1, 2014

**ATTORNEYS FOR APPELLANT**

Kenneth J. Fisher
Kenneth J. Fisher Co., L.P.A.
2100 Terminal Tower
50 Public Square
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEES**

David B. Waxman
Michael R. Blumenthal
Waxman Blumenthal, L.L.C.
28601 Chagrin Blvd.
Suite 500
Cleveland, OH 44122

**For Monte Construction Co.**

Patrick M. Roche
Davis & Young
1200 Fifth Third Center
600 Superior Avenue, E.
Cleveland, OH 44114

**For Thomas A. Hall Excavating, Etc.**

James L. Glowacki
James J. Imbrigiotta
Glowacki & Imbrigiotta, L.P.A.
7550 Lucerne Drive
Suite 408
Middleburg Heights, OH 44130

PATRICIA ANN BLACKMON, J.:

{¶1} In this accelerated appeal, appellant the city of University Heights ("the City") appeals the trial court's denial of its motion for summary judgment in which it asserted that sovereign immunity protected it from liability. The City assigns the following error for our review:

> The Cuyahoga County Court of Common Pleas erred in denying appellant's
>
> motion for summary judgment.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

## Facts

{¶3} Appellees Diana Reinhold and Kurt Reinhold (collectively referred to as "the Reinholds") have resided at their home located on South Belvoir Boulevard in University Heights since 1998. On April 21, 2011, raw sewage backed-up into their basement. Shortly after notifying the City of the sewage backup, the City's contractor, Thomas A. Hall Excavating & Contracting ("Hall"), excavated the area of South Belvoir abutting the residence. While performing the excavation, a water line was ruptured, resulting in further flooding to the Reinholds' basement.

{¶4} The Reinholds filed a complaint against the City and Hall. They also sued Monte Construction Co. ("Monte") because it was the company that originally constructed and installed the sanitary sewer system. The Reinholds alleged that the initial raw sewage backed-up into their basement "as the result of either a blockage in a

portion of the sanitary line located in the City's right-of-way in and under the portion of South Belvoir Boulevard abutting the residence, or as the result of the failure to connect the sanitary sewer system to the line serving the house."

**{¶5}** The Reinholds alleged the following claims against the City: (1) the City breached its duty to properly maintain, operate, and upkeep the sewer and water lines and systems serving their residence, (2) that based upon such breach of duty the City further breached a duty not to upset the Reinholds' enjoyment of their property by interfering with or damaging their property, and (3) that based upon the breach of duty the City negligently allowed raw sewage to back-up into the Reinholds' basement causing property damage, which constitutes a nuisance. The Reinholds also alleged that Hall was negligent by failing to perform its work in a workmanlike manner and that Monte was negligent in constructing and installing the sewer system serving their residence.

**{¶6}** The City filed a motion for judgment on the pleadings, arguing that because it was a political subdivision, it was immune from liability because none of the exceptions to immunity applied. The trial court denied the motion.

**{¶7}** The City then filed a motion for summary judgment. In the motion, the City, among other arguments, argued that sovereign immunity applied, because the upkeep and maintenance of a sewer system was a proprietary function under the sovereign immunity statute. The Reinholds opposed the motion and argued that the exception to sovereign immunity applied based on the City's employees' negligence in

performing the proprietary function. The trial court denied the City's motion for summary judgment, stating as follows:

> City of University Heights verified motion for summary judgment filed 6/07/13, is denied. The court has carefully reviewed the parties' pleadings, filings on summary judgment, and the latter's evidentiary submissions. The motion must be and is hereby denied. The parties dispute what damage causing event is the issue of the litigation. The City's motion incorrectly requires plaintiffs' complaint to contain evidence of wrongdoing. These and other reasons explain the denial of the motion. It is so ordered.

**Motion for Summary Judgment**

**{¶8}** In its sole assigned error, the City argues that the trial court erred by denying summary judgment because sovereign immunity applied to protect it from the Reinholds' suit. Although a denial of a motion for summary judgment is not usually a final appealable order, an order denying summary judgment based on a political subdivision's immunity defense is final and may be appealed. R.C. 2744.02(C); *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878.

**{¶9}** Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

**{¶10}** R.C. Chapter 2744, the Political Subdivision Tort Liability Act, absolves political subdivisions of tort liability, subject to certain exceptions. *Franks v. Lopez*, 69 Ohio St.3d 345, 347, 1994-Ohio-487, 632 N.E.2d 502. Whether a political subdivision is

entitled to statutory immunity under Chapter 2744 presents a question of law for the court's determination. *Conley v. Shearer*, 64 Ohio St.3d 284, 292, 1992-Ohio-133, 595 N.E.2d 862.

{¶11} Determining whether a political subdivision is immune from tort liability pursuant to R.C. Chapter 2744 involves a three-tiered analysis. *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556-557, 2000-Ohio-486, 733 N.E.2d 1141. The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function. *Id.* at 556-557; R.C. 2744.02(A)(1). However, that immunity is not absolute because it is subject to the exceptions set forth in R.C. 2744.02(B). *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 1998-Ohio-421, 697 N.E.2d 610.

{¶12} "The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability." *Id.* at 28. If any of the exceptions to immunity listed in R.C. 2744.02(B) apply and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses set forth in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability. *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 9.

{¶13} It is undisputed that the City qualifies as a "political subdivision" under R.C. 2744.01(F). It is also undisputed that pursuant to R.C. 2744.01(G)(2)(d) a proprietary

function includes "the maintenance, destruction, operation, and upkeep of a sewer system." Therefore, unless an exception under R.C. 2744.02(B) exists, sovereign immunity bars the Reinholds' claims against the City.

{¶14} The only possible exception would be R.C. 2744.02(B)(2), which provides that a political subdivision is liable for "injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." In the instant case, the Reinholds did not identify the particular employees who were responsible. We do not conclude this was fatal to their claim because the City, as an entity, would naturally rely on its employees for the upkeep of its sewer system, if it were indeed responsible for the upkeep. In the following cases, only the respective City is mentioned: *Riscatti v. Prime Properties Ltd. Partnership*, 8th Dist. Cuyahoga No. 97254, 2012-Ohio-2941; *Ezerski v. Mendenhall,* 188 Ohio App.3d 126, 2010-Ohio-1904, 934 N.E.2d 951 (2d Dist.); *Moore v. Streetsboro*, 11th Dist. Portage No. 2008-P-0017, 2009-Ohio-6511. Thus, if there is proof that a City was negligent in the maintenance of its sewer system, it could be held liable in spite of its sovereign immunity.

{¶15} R.C. 2744.02 merely codifies what the common law held as far as a City's liability in the upkeep of its sewer system. *Riscatti* at ¶ 28*; Nice v. Marysville*, 82 Ohio App.3d 109, 611 N.E.2d 468 (3d Dist.1992); *Trustees of Nimishillen Township v. State ex rel. Groffre Invests*., 5th Dist. Stark No. 2003 CA 00410, 2004-Ohio-3371, ¶ 37; *Inland Prods. v. Columbus*, 193 Ohio App.3d 740, 2011-Ohio-2046, 954 N.E.2d 141, ¶ 23 (10th Dist.). The common law held that:

A municipality is not obliged to construct or maintain sewers, but when it

does construct or maintain them it becomes its duty to keep them in repair

and free from conditions which will cause damage to private property * * *.

> The municipality becomes liable for damages caused by its negligence in this regard in the same manner and to the same extent as a private person under the same circumstances.

*Nimishillen* at ¶ 37, quoting *Doud v. Cincinnati*, 152 Ohio St. 132, 137, 87 N.E.2d 243 (1949).

{¶16} The Reinholds asserted that the City's failure to properly "maintain, operate and upkeep sewer and water lines and systems" caused the raw sewage to back-up into their basement. Therefore, R.C. 2744.02(B)(2) clearly removes the shield of immunity from the City.

{¶17} Immunity is re-established if one of the defenses or immunities listed in R.C. 2744.03 is applicable. The City argues that without actual or constructive notice of a problem with the sewer system, it had no duty to act. This is not a defense dealing with immunity because it does not fit under any of the defenses listed under R.C. 2744.03.

{¶18} The City argues, however, that pursuant to this court's decision in *Wilson v. Cleveland*, 8th Dist. Cuyahoga No. 98035, 2012-Ohio-4289, there had to be evidence that the City had actual or constructive evidence of the condition in order for the City to be liable for negligence of its employees under R.C. 2744.02((B)(2). We find the *Wilson* case to be distinguishable. *Wilson* dealt with a loose manhole cover above the ground, which could be easily observed. In the instant case, the problem is below the ground and unobservable. Therefore, it would be impossible for the landowner to provide the City

with notice of a potential hazard or defect, until the actual damage occurs. As we stated above, when a city takes on the responsibility to maintain the sewers it "is required to exercise reasonable diligence and care to keep the same in repair and free from conditions which will cause damage to *private property*." *Doud*, 152 Ohio St. 132, 87 N.E.2d 243 (1949), at paragraph two of the syllabus. (Emphasis added.) Maintenance is especially important when failure to maintain results in problems that are not observable until the damage is done.

{¶19} Moreover, the motion for summary judgment was prematurely filed because discovery was still ongoing at the time the motion was filed. Thus, we have no evidence of whether the City performed routine maintenance of the sewer system or what actually caused the sewer to back-up.

{¶20} The City also argues that it at least should have been granted summary judgment regarding any claim by the Reinholds that the City failed to connect the sewer because the design of a sewer system is a governmental function protected by sovereign immunity. Our review of the Reinholds' third amended complaint does not show that they are pursuing the City on that basis. The complaint only alleges that the City was liable for failure "to properly maintain, operate, and upkeep of the sewer and water lines and systems serving the residence." In fact, the complaint specifically alleges "Monte" was negligent for failure to connect the sewer system.

{¶21} We note the City did allege in its motion for summary judgment that it no longer owned the water distribution system because ownership was transferred to the city

of Cleveland and that the statute of limitations has expired. However, we only have jurisdiction to decide the issue of sovereign immunity and not the issues that go to the merits of the claims. An appeal from a denial of summary judgment based on sovereign immunity is limited to the review of alleged errors in the portion of the trial court's decision that denied the political subdivision the benefit of immunity. *Riscatti v. Prime Properties Ltd. Partnership*, 137 Ohio St.3d 123, 2013-Ohio-4530 at ¶ 20. Accordingly, the City's sole assigned error is overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR