# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

J. DALE JAMES,

Plaintiff-Appellee,

v.

VILLAGE OF NEW MIDDLETOWN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0101**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2020 CV 01663

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed.

---

*Atty. Charles E. Dunlap*, 7330 Market Street, Youngstown, Ohio 44512, for Plaintiff-Appellee and

*Atty. Gregory A. Beck*, *Atty. Tonya J. Rogers,* 400 South Main Street, North Canton, Ohio 44720, for Defendant-Appellant.

Dated:
December 27, 2022

**Donofrio, P. J.**

{¶1} Defendant-Appellant, the Village of New Middletown, appeals from a Mahoning County Common Pleas Court judgment finding that it does not have immunity under R.C. 2744.02 for a negligence claim asserted by plaintiff-appellee, J. Dale James.[1]

{¶2} James owns real property in New Middletown, Ohio, used as a rental property. In July of 2018, James discovered flooding in the basement of the property. He contacted the Village of New Middletown (New Middletown) that day to report the issue. New Middletown then sent two agents, Village Administrator Charles Foster and Street Department Supervisor John Melvin, and an engineer to inspect the property. New Middletown found a blockage in pipes extending under property owned by James' neighbors, Clarence and Vicky Andre. The Andres had installed pipes into New Middletown's storm sewage draining system without New Middletown's knowledge sometime around 1972. The pipes were blocked by roots. Foster and Melvin suggested James install a sump pump and back float valve. James attempted to plug the drain instead, but claimed doing so was ineffective and caused water to come through the floor and walls, causing further damage. The property continued to flood after every heavy rain. New Middletown obtained an easement to enter the Andres' property in June of 2019. The pipes were repaired on September 27, 2019.

{¶3} On October 14, 2020, James filed a complaint against New Middletown alleging it was negligent in failing to maintain the storm sewage draining system causing damage to his property and depriving him of the ability to rent it. New Middletown filed an answer on November 2, 2020. New Middletown then filed a motion for summary judgment on June 17, 2021, claiming statutory immunity as a political subdivision under R.C. 2744.02.

{¶4} On October 19, 2021, the trial court denied New Middletown's motion for summary judgment. The court found a genuine issue of material fact as to whether political subdivision immunity under R.C. 2744.02 was abrogated due to the negligent conduct of employees in conducting a proprietary function. The trial court found New

---

[1]Pursuant to this Court's August 9, 2022 Judgment Entry, Ruth E. James as executor of the Estate of James D. James aka James Dale James aka J. Dale James is substituted as appellee in this case.

Middletown presumably owned the pipes connected to the pipes installed by the Andres, and that a jury could find New Middletown's failure to maintain the storm sewer system negligent.

{¶5} On November 8, 2021, New Middletown timely filed this appeal. It now raises one assignment of error.

{¶6} Generally, the denial of a summary judgment motion is not a final, appealable order. But in this case, it is a final order. Here, New Middletown's motion for summary judgment was based on the premise of governmental immunity. The Ohio Supreme Court has held: "When a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C)." *Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 873 N.E.2d 878, 2007-Ohio-4839, at the syllabus.

{¶7} New Middletown's sole assignment of error states:

THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT THE BENEFIT OF IMMUNITY UNDER CHAPTER 2744 OF THE OHIO REVISED CODE.

{¶8} New Middletown argues it is immune from liability for a negligence claim because it is a political subdivision entitled to the presumption of immunity, placing the burden of proving an exception to that immunity on James. New Middletown also argues summary judgment was inappropriate because James lacks the evidence to support his claim for negligence. New Middletown connects this argument to the statutory application issue by claiming that the negligence exception to immunity can only apply if James proves all the elements of negligence. New Middletown argues that it was not negligent, which would deny James the ability to use the negligence exception to political subdivision liability immunity. It claims that James did not prove it had a duty to maintain the pipes at issue, that the blockage in the pipes caused the damage to James' property, or that New Middletown in any way caused the blockage in the pipes. It argues that it repaired the pipes out of good faith instead. New Middletown therefore argues that James failed to raise any genuine issue of material fact as to whether its employees acted

negligently. New Middletown also asserts that even if a negligence exception to the presumption of its immunity is found, it is still immunized through the defense that its actions involving the repair of the pipe were discretionary decisions.

{¶9} An appellate court reviews a summary judgment ruling de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

{¶10} A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist. Summit No. 27799, 2015-Ohio-4167, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶11} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C).

{¶12} If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

{¶13} Whether a political subdivision is entitled to immunity is analyzed using a three-tiered process. *Green Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556, 733

N.E.2d 1141 (2000). Under the first tier, R.C. 2744.02(A)(1) sets out the general rule that political subdivisions are not liable in damages. *Id.* at 556-557. Under the second tier, the court must determine whether any of the exceptions to immunity set out in R.C. 2744.02(B) apply. *Id.* at 557. Finally, under the third tier, if the court finds that any of R.C. 2744.02(B)'s exceptions apply, it must consider R.C. 2744.03, which provides defenses and immunities to liability. *Id.*

{¶14} Thus, we begin our analysis under the first tier with the premise that New Middletown is not liable in damages here because it is a political subdivision. This is not disputed.

{¶15} Under the second tier, the trial court found that New Middletown is not entitled to immunity based on the R.C. 2744.02(B)(2) exception. This exception to immunity states, "except as otherwise provided * * * political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." R.C. 2744.02(B)(2).

{¶16} Pursuant to R.C. 2744.01(G)(2)(d), a "proprietary function" includes "[t]he maintenance, destruction, operation, and upkeep of a sewer system[.]" This is in contrast to a "governmental function," which instead includes "[t]he provision or nonprovision, planning or design, construction, or reconstruction of a public improvement, including, but not limited to, a sewer system[.]" R.C. 2744.01(C)(2)(l).

{¶17} The Ohio Supreme Court has characterized that, for the purposes of defining a proprietary function in sewer operation under R.C. 2744, maintenance includes "routine maintenance, inspection, repair, removal of obstructions, or general repair of deterioration." *Coleman v. Portage Cty. Engineer*, 133 Ohio St.3d 28, 2012-Ohio-3881, 975 N.E.2d 952, ¶ 30. New Middletown disputes that it had a duty to maintain the subject pipes in this case but agrees that the acts involved in this case (the maintenance and operation of a sewer system) were proprietary functions.

{¶18} New Middletown contends that the pipes at issue were not part of its pipe system. It also asserts James did not prove proximate cause or damages.

{¶19} In order to successfully apply the proprietary-function-negligence exception to political subdivision immunity and overcome summary judgment, the plaintiff

must establish each of the elements required to sustain a negligence action: duty; breach; proximate cause; and damages. *Tangler v. Village of Carrollton*, 7th Dist. Carroll No. 17 CA 0920, 2018-Ohio-1343, ¶ 18, citing *Pierce v. Gallipolis*, 4th Gallia Dist. No. 14 CA 3, 2015-Ohio-2995, ¶ 20.

**{¶20}** The first element of a negligence action requires identifying a duty from New Middletown to maintain the pipes that James alleges caused harm to his property. Whether one party owes another party a duty is a question of law. *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 22.

**{¶21}** The Ohio Supreme Court has determined that a political subdivision does not have a duty regarding pipes it did not construct or maintain, but "when it does construct or maintain them it becomes its duty to keep them in repair and free from conditions which will cause damage to private property." *Doud v. City of Cincinnati*, 152 Ohio St. 132, 137, 87 N.E.2d 243 (1949). The duty of a political subdivision to repair a pipe blockage is created once the political subdivision has either "constructive or actual notice of a defect." *Tangler*, 2018-Ohio-1343, ¶ 20. Thus, James had to provide evidence that New Middletown constructed or maintained the pipes at issue *and* that New Middletown was put on notice of a defect.

**{¶22}** James did not provide any evidence that, prior to the flooding, New Middletown constructed or maintained the pipes at issue, which ran between the drainage pipe and the sewer lines connected to James' property or the pipes that surrounded the Andres' property.

**{¶23}** James stated that the Andres installed the pipes. (James Dep. 20-21). James also believed that his house should have never been connected to the privately installed sewer pipes. (James Dep. 15). Additionally, in his affidavit, James stated that when his property flooded Village Administrator Foster came to his property. (James Aff. ¶ 8). James told Foster that his neighbors, the Andres, had installed a pipe across his land. (James Aff. ¶ 13). Foster acknowledged this and opined that the pipe was blocked on the Andres' land. (James Aff. ¶¶ 14, 15).

**{¶24}** Foster also averred that the blockage was located in a pipe located on private property between the Andres' property and a residential condominium complex, Hedgerow Condominium Association. (Foster Aff. ¶ 9). Additionally, Foster stated that

at the time of the flooding at James' property, he was not aware of a storm sewer or piping on or around the Andres' property. (Foster Dep. 11-12). He learned of this piping in July 2018 when James called him to come look at his property. (Foster Dep. 11-12). Foster stated that these pipes were not in New Middletown's "right-of-way." (Foster Dep. 12). As to whether New Middletown had ever inspected these pipes, Foster replied: "We're not allowed to go past the right-of-way. What they did from that right-of-way to their home is their business. It's the same with Mr. Andre." (Foster Dep. 12). And Foster averred that before New Middletown could attempt to remove the blockage, it had to obtain easements from the Andres and the Hedgerow Condominium Association. (Foster Aff. ¶ 15). Finally, Foster averred that despite not owning the pipe at issue, New Middletown acted out of "good faith" to help remedy the drainage issue. (Foster Aff. ¶ 13).

{¶25} Clarence Andre corroborated the fact that he bought and installed the pipe across his property in approximately 1975. (Andre Dep. 9-10). Andre stated that he may have checked with the Mahoning County Engineers before he installed the pipe. (Andre Dep. 9-10). He further stated that after James' property had flooded, New Middletown approached him requesting an easement to dig up the pipe. (Andre Dep. 11). Andre initially did not allow the easement but eventually changed his mind. (Andre Dep. 11).

{¶26} Because James did not provide any evidence that the pipes at issue were owned or maintained by New Middletown prior to the flooding, he has not met his burden of establishing that New Middletown owed him a duty. Thus, he cannot prove negligence. On this basis alone, summary judgment was improper.

{¶27} Moreover, even if New Middletown was responsible for the pipes at issue, "[a] 'municipal corporation is liable only for negligence in creating a faulty condition or in failing to repair, remove or guard against defects after receiving actual or constructive notice of their existence.'" *Wilson v. Cleveland*, 8th Dist. Cuyahoga No. 98035, 2012-Ohio-4289, ¶ 23, quoting *Graves v. E. Cleveland*, 8th Dist. Cuyahoga No. 70675, 1997 WL 35570, *2 (Jan. 30, 1997). James presented no evidence that New Middletown knew or should have known of the blockage in the pipes prior to his bringing the flooding to New Middletown's attention.

{¶28} In sum, in order for James to remove immunity from New Middletown, it was his burden to establish that New Middletown employees acted negligently in their

Case No. 21 MA 0101

performance of a proprietary function. The maintenance and operation of a sewer system is a proprietary function. However, James failed to establish the first element of a negligence claim. He did not establish that New Middletown had a duty to maintain the pipes in question that allegedly caused the flooding on his property. Based on the above, the trial court should have found that New Middletown was entitled to political subdivision immunity and granted summary judgment in its favor.

**{¶29}** Accordingly, New Middletown's sole assignment of error has merit and is sustained.

**{¶30}** For the reasons stated above, the trial court's judgment is hereby reversed. Summary judgment is entered in favor of New Middletown. New Middletown, as a political subdivision, is immune from liability on James' negligence claim.

Waite, J., concurs.
Robb, J., concurs.

Case No. 21 MA 0101

For the reasons stated in the Opinion rendered herein, the sole assignment of error has merit and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed. Summary judgment is entered in favor of New Middletown. New Middletown, as a political subdivision, is immune from liability on James' negligence claim. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**