**ADDIS et al., Appellants,**

v.

**HOWELL et al., Appellees.**

[Cite as *Addis v. Howell* (2000), 137 Ohio App.3d 54.]

Court of Appeals of Ohio,
Second District, Drake County.

No. 99CA1499.

Decided March 17, 2000.

**56**

[redacted]

*Craig A. Dynes,* for appellants.

*Patrick K. Dunphy,* for appellees.

GRADY, Presiding Judge.

This is an appeal from a summary judgment rendered in favor of a school board and two of its employees on their R.C. Chapter 2744 political-subdivision-tort-liability defense.

The claims for relief in this action arose from an accident that occurred on May 12, 1995. Cory Addis, then eight years of age, was struck by a car on State Route 118 as he was walking home from Woodland Heights Elementary School, where he was a second grade student.

Woodland Heights Elementary School is in the Greenville City School District, which is administered by defendant Greenville City Schools Board of Education. Defendant Neal Dalton was the principal of Woodland Heights Elementary School when the accident took place. Defendant Marcus Bozango was Cory's second grade teacher.

According to the record, Cory was walking from school to his home on the day he was struck instead of riding an available school bus because he had mistakenly believed that his mother intended to pick him up. When she failed to appear, Cory set out for home on foot, the school bus having since departed.

After Cory failed to arrive at home by bus, his mother drove to the school to pick him up, passing him in the opposite direction as he walked on State Route 118. When his mother saw him and stopped to turn around, Cory darted across the road toward her vehicle and was struck by an auto driven by April Howell. Cory's parents commenced this action on his behalf against Howell, the board, Dalton, and Bozango. Howell was eventually dismissed as a party.

The plaintiffs' claims for relief against the board and its two employees allege that they failed to provide Cory supervision that would have prevented his injuries. According to plaintiffs, the defendants supervised children who rode the

school bus but allowed students whose parents were to pick them up from school to fend for themselves. Because Cory had joined that latter group on the day he was injured, no one at the school attempted to stop him when he decided to walk home along a busy highway. Plaintiffs allege that the board was negligent in that omission. They allege that defendants Dalton and Bozango, the board's employees, were wanton and reckless in that same respect.

The board, Dalton, and Bozango denied liability on the claims for relief presented. They also claimed immunity from liability pursuant to R.C. Chapter 2744.

Motions for summary judgment were filed by the plaintiffs and the defendants. The court awarded summary judgment for the plaintiffs on their claims that the defendants had breached the duty of care they owed Cory when they failed to supervise his movements. The court denied the plaintiffs' motion as to their claim that the defendants' breach proximately resulted in the accident from which Cory's injuries and the plaintiffs' claims for damages flow, finding that genuine issues of material fact remain for determination on those matters.

The court granted the defendants' motion for summary judgment on their immunity defense, finding their liability on plaintiffs' claims for relief are barred by R.C. 2744.03(A)(5) and (6). Specifically, the court held that the board and its two employees are immune pursuant to those sections because the acts and omissions of Dalton and Bozango were neither reckless nor wanton.

Plaintiffs filed a timely notice of appeal from the summary judgments. They present two assignments of error for our review.

### First Assignment of Error

"The trial court erred in failing to enter summary judgment in favor of the plaintiffs [by] holding Chapter 2744 (O.R.C. Sections 2744.01 thru 2744.09) unconstitutional."

Plaintiffs argue that R.C. 2744.01 *et seq.*, which provides immunity from tort liability to political subdivisions and their employees in certain circumstances, violates Article I, Section 16 of the Ohio Constitution. That section provides:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the state, in such courts and in such manner, as may be provided by law."

Plaintiffs urge us to find R.C. 2744.01 *et seq.* unconstitutional on the basis of the rationale of the dissenting opinions in *Fahnbulleh v. Strahan* (1995), 73 Ohio St.3d 666, 653 N.E.2d 1186 and *Gladon v. Greater Cleveland Regional*

*Transit Auth.* (1996), 75 Ohio St.3d 312, 662 N.E.2d 287, and Justice Pfeifer's concurring opinion in *Garrett v. Sandusky* (1994), 68 Ohio St.3d 139, 624 N.E.2d 704. Those opinions are persuasive, but they are not binding on this court. More to the point, we cannot adhere to them in the face of a majority decision of the Supreme Court of Ohio to the contrary.

In *Fahnbulleh*, the Supreme Court rejected an Section 16, Article I challenge to R.C. 2744.01 *et seq.*, and stated:

"It may well be argued that any grant of immunity necessarily impairs some individual's right to seek redress in a court of law, and thus treats some persons harshly. All too frequently, decisionmaking requires difficult balancing of competing interests and equities. The Ohio Constitution specifies that suits may be brought against the state 'as provided by law.' This language can only mean that the legislature may enact statutes to limit suits if it does so in a rational manner calculated to advance a legitimate state interest." *Id.*, at 669, 653 N.E.2d at 1189.

The view that the second sentence of Section 16, Article I, providing that "[s]uits may be brought against the state * * * as may be provided by law," authorizes legislation giving effect to sovereign immunity defenses was a view that this court adopted in *Phipps v. Dayton* (1988), 57 Ohio App.3d 11, 566 N.E.2d 181.

The first assignment of error is overruled.

### Second Assignment of Error

"The trial court erred in failing to enter summary judgment in favor of the plaintiffs by failing to hold Ohio Revised Code Section 2744.03 unconstitutional or otherwise unenforceable."

Though this assignment of error is otherwise couched, plaintiffs-appellants argue in support of it that the trial court erred when it entered summary judgment for the defendants on their immunity defenses. The court held that defendants are entitled to the immunities provided by two divisions of R.C. 2744.03. Those divisions state:

"(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability.

"* * *

"(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion

in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

"(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:

"* * *

"(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]"

■ Plaintiffs alleged that the acts or omissions of defendants Dalton and Bozango in failing to supervise Cory's movements were wanton or reckless. Per paragraph (b) of R.C. 2744.03(A)(6), such conduct by an employee operates as an exception to the immunity that the section otherwise confers on employees of political subdivisions:

" 'Wanton misconduct' implies the failure to exercise any care for the safety of those to whom a duty of care is owing when the wrongdoer has knowledge of the great probability of harm to such persons which the exercise of care might avert, and exhibits a reckless disregard of consequences; it does not embrace intent to injury." 58 Ohio Jurisprudence 3d, Insurance, Section 868.

■ The trial court, viewing the evidence most strongly in favor of plaintiffs, as Civ.R. 56(C) requires, found that reasonable minds could only conclude that Dalton and Bozango were not reckless or wanton in failing to supervise Cory's movements. We agree. Their conduct is such that they could be found to have exercised no care for Cory's safety. However, there is no evidence that Dalton or Bozango knew or were aware of any great probability of harm to Cory as a result. Therefore, the trial court was correct in granting summary judgment to Dalton and Bozango on plaintiffs' claims for relief against them.

■ Likewise relying on its finding that Dalton and Bozango were not wanton or reckless, the court granted summary judgment for the board pursuant to R.C. 2744.03(A)(5). That section confers immunity on a political subdivision when the claim for relief arises from an exercise of discretion of the types identified, unless the allegedly tortious conduct involved was wanton or reckless. Thus, whether it was wanton or reckless is immaterial unless the exercise of discretion involved was one of the types identified. The threshold question, therefore, is whether the board's conduct, in the form of its employees' acts or omissions, was an "exercise of judgment or discretion in determining whether to acquire, or how to use,

equipment, supplies, materials, personnel facilities, and other resources." R.C. 2744.03(A)(5).

If an *act of discretion* is merely a choice between alternate courses of conduct, then almost every volitional act or omission involves an exercise of discretion. R.C. 2744.03(A)(5) cannot be interpreted that broadly, for to do so would comprehend anything and everything a political subdivision might do. Routine decisions requiring little judgment or discretion are not covered by the section. *Perkins v. Norwood City Schools* (1999), 85 Ohio St.3d 191, 707 N.E.2d 868. In our view, nor are those decisions which involve inadvertence, inattention, or unobservance. Some positive exercise of judgment that portrays a considered adoption of a particular course of conduct in relation to an object to be achieved is required in order to demonstrate an exercise of discretion for which R.C. 2744.03(A)(5) confers immunity from liability on a political subdivision.

The trial court granted summary judgment for the plaintiffs on the issue of the alleged breach by the board of the duty of care it owed Cory. The breach resulted from the failure of the board's employees to supervise Cory's movements. Cory and other children who did not ride a school bus were simply permitted to fend for themselves, absent any plan or program to produce that result. .The acts or omissions involved are not an exercise of discretion covered by R.C. 2744.03(A)(5). Therefore, the board is not immune per that section from liability for the negligence which the trial court found. Because the board may be liable for its negligent conduct, it is immaterial that the board's employees were not wanton or reckless in engaging in the conduct from which the board's liability arises. The trial court erred in so holding.

The second assignment of error is sustained as to the summary judgment rendered for the defendant board. It is overruled as to the summary judgments in favor of defendants Dalton and Bozango. The judgment from which the appeal is taken is reversed, in part, and the case is remanded for further proceedings in plaintiffs' claims for relief against the board.

The trial court's summary judgment for the plaintiffs on the negligence issue was not appealed. On remand, the questions remaining for determination on their claim for relief against the board are proximate cause and the measure of damages.

*Judgment accordingly.*

WOLFF and FAIN, JJ., concur.