EZERSKI et al., Appellants,

v.

MENDENHALL et al., Appellees.

[Cite as *Ezerski v. Mendenhall*, 188 Ohio App.3d 126, 2010-Ohio-1904.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23528.

Decided April 30, 2010.

Leppla Associates, Gary J. Leppla, and Chad E. Burton, for appellants.

Robert J. Surdyk and Brendan D. Healy, for appellees.

BROGAN, Judge.

{¶ 1} Daniel and Therese Ezerski, plaintiffs-appellants, have appealed a trial court's order entering summary judgment in favor of the city of Vandalia, defendant-appellee, after the court concluded that the city has political-subdivision immunity. The Ezerskis argue that Vandalia can be held liable for the damage to their home under a statutory exception to immunity. The Ezerskis also contend that Vandalia cannot re-establish its immunity using a statutory defense. We will reverse and remand.

## I

{¶ 2} In February 2007, someone removed a manhole cover near Daniel and Therese Ezerski's home in Vandalia and cast a large tree limb into the sewer line. The limb caught and accumulated debris and obstructed sewage flow, causing the sewer line to back up—right into the Ezerskis' basement. In speaking with the previous owners of the home, Gary and Karen Mendenhall, the Ezerskis learned that the same thing had happened before. In 2000, the same sewer line had backed up into the home after someone had removed the same manhole cover and had cast in a pipe fitting. City workers located and removed the obstruction after both backups. Since 2000, manhole covers near the Ezerskis' home have been removed regularly, and, each time, city workers have retrieved and replaced them.

{¶ 3} In September 2007, the Ezerskis filed suit against the Mendenhalls and the city of Vandalia to recover damages caused by the sewage flood in their basement. (The Ezerskis settled the claims against the Mendenhalls.) Against Vandalia, the Ezerskis seek punitive damages and damages for its negligence in operating and maintaining the sewer system attached to their home. Specifically, they allege that Vandalia was negligent by failing to secure the manhole covers to prevent obstructions from being cast into the sewer line. Vandalia filed a motion for summary judgment based on its affirmative defense of political-subdivision immunity. The trial court concluded that Vandalia is immune from the Ezerskis' claims and sustained the motion. In a single assignment of error, the Ezerskis allege that the trial court erred by entering summary judgment in favor of Vandalia on their negligence claim.

## II

{¶ 4} Our de novo review follows Civ.R. 56. Under the rule, "[s]ummary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law." *Hubbell v. Xenia,* 175 Ohio App.3d 99, 2008-Ohio-490, 885 N.E.2d 290, ¶ 15, citing Civ.R. 56. "The burden of showing that no genuine issue of material fact exists is on the moving party." Id., citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Summary judgment may not be granted unless, construing the evidence most strongly in the nonmoving party's favor, reasonable minds must conclude adverse to the nonmoving party. Civ.R. 56(C).

{¶ 5} Vandalia maintains that it cannot be held liable according to the Political Subdivision and Tort Liability Act, codified in R.C. Chapter 2744. The general rule in R.C. 2744.02(A)(1) is that a political subdivision may not be held liable in damages for injury or loss caused by an act or omission in connection with a

governmental or proprietary function.  But the general rule is subject to the five exceptions carved out in R.C. 2744.02(B).  In these five circumstances, a political subdivision will be responsible for its tortious conduct.  Still, although one of these circumstances exists, the political subdivision can re-establish its immunity using the defenses in R.C. 2744.03.  Here, the Ezerskis do not dispute that Vandalia is a political subdivision, but they contend that Vandalia can be held responsible for its negligence under an exception.  And they contend that Vandalia cannot re-establish its immunity using a defense.

{¶ 6} The Ezerskis contend that the city's general immunity is subject to the exception in division (B)(2) of section 2744.02.  This exception renders a political subdivision liable "for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to *proprietary* functions."  (Emphasis added.)  R.C. 2744.02(B)(2).  Among the meanings of "proprietary function" is "[t]he maintenance, destruction, operation, and upkeep of a sewer system."  R.C. 2744.01(G)(2)(d).  And among the meanings of "governmental function" is "[t]he provision or nonprovision, planning or design, construction, or reconstruction of * * * a sewer system."  R.C. 2744.01(C)(2)(l).  The dispute here is whether the alleged negligent acts (the failure to secure the manhole covers) occurred with respect to a "proprietary function," like the Ezerskis argue, or a "governmental function," like Vandalia argues.

{¶ 7} The specific question is, does the failure to secure the manhole covers here concern the design of the sewer system or its upkeep?  Vandalia argues (and the trial court concluded as a matter of law) that the failure concerns design.  The city points to evidence that the sewer system's manhole covers were not designed to be secured and concludes that whether it was negligent not to secure them concerns whether to change the design.  The Ezerskis argue that the failure to secure the covers is a breach of the city's duty to maintain the sewer system, the duty to ensure the proper operation of its sewer system.  The Ezerskis allege that Vandalia knew that vandals were removing manhole covers and knew that vandals had removed a cover and had cast in an object that obstructed the flow, causing a backup.  This duty, say the Ezerskis, required Vandalia to secure the covers to prevent the sewer lines from becoming obstructed.

{¶ 8} The root problem with Vandalia's (and the trial court's) analysis is that the implicit question it seeks to answer is, what type of function (governmental or proprietary) the alleged negligent act (not securing the manhole covers) is.  But under the statutory exception, the real question is, with respect to what type function did the alleged negligent act occur.  The Ezerskis are correct that when a city takes on the responsibility to maintain the sewers, it "is required to exercise reasonable diligence and care to keep the same in repair and free from

conditions which will cause damage to private property." *Doud v. Cincinnati* (1949), 152 Ohio St. 132, 39 O.O. 441, 87 N.E.2d 243, at paragraph two of the syllabus; see also *Portsmouth v. Mitchell Mfg. Co.* (1925), 113 Ohio St. 250, 255, 148 N.E. 846. The city's duty to maintain its sewer system requires it to take reasonable steps to prevent obstructions that could cause a backup. See *Yetts v. Toronto* (Sept. 1, 1999), Jefferson App. No. 98–JE–6, 1999 WL 689964 (a sewer backup caused by an obstruction is a maintenance issue); *Steiner v. Lebanon* (1973), 40 Ohio App.2d 219, 220–221, 69 O.O.2d 207, 318 N.E.2d 853 (same). In a factually similar case, in which a sewer-line obstruction caused a backup resulting in damage to a home, the plaintiff contended that the city was negligent in failing to prevent the obstruction. In that case, we said that the negligence alleged by the plaintiff occurred with respect to a proprietary function. See *Hubbell*, 175 Ohio App.3d 99, 2008-Ohio-490, 885 N.E.2d 290, at ¶ 16. We think the same in this case. The trial court wrongly concluded that as a matter of law, the alleged negligence concerned a governmental function. At the very least, reasonable minds can conclude that the negligence alleged by the Ezerskis concerned not the design but the maintenance of the city's sewer system, a proprietary function.

■ {¶ 9} Even so, Vandalia contends that it can re-establish its immunity using the defense in R.C. 2744.03(A)(5). This defense specifically grants political subdivisions immunity from liability in damages when the injury "resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(5). Vandalia's argument in support of this defense is premised on its conclusion that the issue of whether to secure the manhole covers concerns the design of the sewer system. This decision, it argues, required the exercise of discretion in determining whether to acquire the material needed to secure the covers and in determining how to use the city's money. The Ezerskis do not argue that Vandalia exercised its discretion maliciously, but rather that Vandalia may not use this defense to escape liability for breaching its duty to maintain the sewer system.

{¶ 10} In considering what a qualifying act of discretion under R.C. 2744.03(A)(5) looks like, we have said, "If an *act of discretion* is merely a choice between alternate courses of conduct, then almost every volitional act or omission involves an exercise of discretion." *Addis v. Howell* (2000), 137 Ohio App.3d 54, 60, 738 N.E.2d 37. The defense, we said, "cannot be interpreted that broadly, for to do so would comprehend anything and everything a political subdivision might do." Id.; see also *Hacker v. Cincinnati* (1998), 130 Ohio App.3d 764, 770, 721 N.E.2d 416 ("[A] political subdivision can not [sic] simply assert that all of its decisions are discretionary in order to obtain protection under R.C. 2744.03(A)(3)

and (A)(5)"). Rather, because "[the] defenses are in derogation of a general grant of immunity, they must be construed narrowly." *Doe v. Dayton City School Dist. Bd. of Edn.* (1999), 137 Ohio App.3d 166, 169, 738 N.E.2d 390. Therefore, we said, "[I]n order to demonstrate an exercise of discretion for which R.C. 2744.03(A)(5) confers immunity from liability," the defendant must show "[s]ome positive exercise of judgment that portrays a considered adoption of a particular course of conduct in relation to an object to be achieved." Id. Vandalia offers no evidence of the particular exercise of judgment in this case that led it not to secure the manhole covers. Reasonable minds therefore cannot find the "positive exercise of judgment" needed to establish the defense described in R.C. 2744.03(A)(5).

{¶ 11} Also, we said above that it is reasonable to conclude that the Ezerskis allege the city breached its duty to properly maintain the sewer system. As one court has said, a city "cannot shirk its duty by claiming that the decision to properly maintain the sewers involved discretion in allocating limited financial resources and personnel." *Malone v. Chillicothe,* Ross App. No. 05CA2869, 2006-Ohio-3268, 2006 WL 1745052, at ¶ 27. Analogously, the Ohio Supreme Court, discussing a city's duty to maintain its roads by removing hazards, has said that "[t]he political subdivision has the responsibility to abate them and it will not be immune from liability for its failure to do so." *Franks v. Lopez* (1994), 69 Ohio St.3d 345, 349, 632 N.E.2d 502. "[P]hysical impediments such as potholes, are easily discoverable," said the court, "and the elimination of such hazards involves no discretion, policy-making or engineering judgment." Id. The defense in R.C. 2744.03(A)(5) cannot be construed to shield Vandalia from responsibility for breaching its duty to maintain the sewer system.

{¶ 12} Because reasonable minds can conclude from the evidence that an exception exists to Vandalia's general immunity from liability, and because Vandalia fails to present sufficient evidence to establish specific immunity under a defense, the trial court's entry of summary judgment in favor of Vandalia is improper. The Ezerskis' sole assignment of error, therefore, is sustained.

### III

{¶ 13} The judgment of the trial court is reversed, and this cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

GRADY and FROELICH, JJ., concur.