[Cite as *Frenz v. Springvale Golf Course & Ballroom*, 2012-Ohio-3568.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97593**

# MEGAN FRENZ, ET AL.

PLAINTIFFS-APPELLEES

vs.

# SPRINGVALE GOLF COURSE & BALLROOM, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-747131

**BEFORE:** Stewart, P.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:** August 9, 2012

**ATTORNEYS FOR APPELLANT**

Cara M. Wright
James A. Climer
John T. McLandrich
Frank H. Scialdone
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, OH    44139


**ATTORNEYS FOR APPELLEES**

W. Craig Bashein
Anthony N. Palombo
Bashein & Bashein Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, OH    44113

Paul W. Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} Defendant-appellant city of North Olmsted[1] appeals from the trial court's denial of its motion for summary judgment. The city complains that the trial court erred by not finding that the claims of plaintiff-appellee Megan Frenz are barred by governmental immunity. For the following reasons, we affirm.

{¶2} While attending a wedding reception at the Springvale Country Club, a facility owned and operated by the city of North Olmsted, Frenz removed her shoes and joined other guests on the dance floor in the club's ballroom. She dislocated her elbow when she slipped and fell on the floor.

{¶3} Frenz, and her husband Jonathan, filed suit against the city and fictitious "John Doe" defendants, alleging negligence and loss of consortium. In her complaint, Frenz asserts that: (1) excessive or unsuitable polish was used to maintain the ballroom floor and created a "defective and/or dangerous and hazardous condition," (2) the city was aware of the unsafe condition, and (3) the city was negligent for failing to remedy the condition and/or warn the patrons of the danger. The city moved for summary judgment after discovery was completed, and its motion was denied without explanation.

---

[1]Named defendants Springvale Golf Course and Ballroom, Springvale Country Club, and Springvale Ballroom, are not sui juris; thus, the city is the sole defendant in this suit.

{¶4} In its sole assignment of error, the city argues that the trial court erred in denying its motion because it is immune from liability pursuant to R.C. Chapter 2744.

{¶5} We review the trial court's denial of summary judgment under a de novo standard and address questions of sovereign immunity as a matter of law. *Conley v. Shearer*, 64 Ohio St.3d 284, 292, 1992-Ohio-133, 595 N.E.2d 862.

{¶6} Civ.R. 56(C) states that summary judgment may be granted when there are no genuine issues of material fact and reasonable minds could find that the moving party is entitled to judgment as a matter of law. We make an independent review of the record by viewing the evidence in a light most favorable to the nonmoving party, and uphold the denial of summary judgment when there exists an issue of material fact. Civ.R. 56(C). The moving party must present specific facts showing a right to summary judgment, and is not entitled to judgment as a matter of law when reasonable minds could differ on whether to rule in its favor. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996); *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6.

{¶7} In *Swanson v. Cleveland*, 8th Dist. No. 89490, 2008-Ohio-1254, we reiterated that:

> the Ohio Supreme Court established a three-tiered analysis for determining whether a political subdivision is immune from liability under Chapter 2744. The first tier provides a general grant of immunity, stating that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). The second tier involves an analysis of whether any of the exceptions to immunity, located in R.C. 2744.02(B), apply. Finally, in the third tier of analysis, if it appears one of the stated exceptions to immunity

applies, immunity may be reinstated if the political subdivision can successfully assert one of the defenses to liability listed in R.C. 2744.03.

*Id.* at ¶ 10.

**{¶8}** For the first tier of our analysis, the city of North Olmsted is a municipal corporation and therefore a political subdivision as defined by R.C. 2744.01(F). As such, the general grant of immunity contained in R.C. 2744.02(A)(1) applies in this case.

**{¶9}** Although Frenz asserts in her brief that "[t]his court need not reach the second stage of the [immunity] test, as the first is dispositive," we must indeed do so. Frenz mistakenly argues that because the operation of the club is not a governmental function, it is proprietary and therefore not subject to immunity. However, R.C. 2744.02(A)(1) specifically absolves a political subdivision from liability for injury allegedly caused by any act or omission involving "a governmental **or** proprietary function." (Emphasis added.) If we were to end our analysis here, the city would clearly prevail. Even if the operation of the club is a proprietary function, the plain wording of the statute grants the city immunity.

**{¶10}** However, under the second tier of the analysis, if the operation of the club or ballroom is deemed to be a proprietary function, R.C. 2744.02(B)(2) provides an exception to immunity, and states that: "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." We must therefore determine whether the city was engaged in a proprietary or a governmental function.

**{¶11}** Proprietary functions are functions that are either (1) specifically listed in R.C. 2744.01(G)(2) (setting forth examples of proprietary functions) or (2) not described in R.C. 2744.01(C)(1)(a), (b), or (C)(2) and "promotes or preserves the public peace, health, safety, or welfare and * * * involves activities that are customarily engaged in by nongovernmental persons." R.C. 2744.01(G)(1). "Proprietary functions" include, but are not limited to, "[t]he operation and control of a[n] * * * auditorium, civic or social center * * *." R.C. 2744.01(G)(2)(e).

**{¶12}** Governmental functions are defined in R.C. 2744.01(C)(1) and specific examples are listed in (C)(2). R.C. 2744.01(C) provides two routes to determine whether a given function is governmental. First, a function is governmental if it meets one of three enumerated independent standards contained in R.C. 2744.01(C)(1)(a) through (c); namely, if it is (1) imposed upon the state as an obligation of sovereignty, (2) carried out for the common good of all state citizens, or (3) not customarily engaged in by nongovernmental entities. *Moore v. Lorain Metro. Hous. Auth.*, 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, ¶ 11-12.

**{¶13}** "In the absence of an explicit statutory definition, whether a function is governmental or proprietary must be determined by 'defining what it is that the political subdivision is actually doing when performing the function.'" *Kenko Corp. v. Cincinnati*, 183 Ohio App.3d 583, 2009-Ohio-4189, 917 N.E.2d 888, ¶ 27 (1st Dist.), quoting *Allied Erecting & Dismantling Co. v. Youngstown*, 151 Ohio App.3d 16, 2002-Ohio-5179, 783 N.E.2d 523, ¶ 23 (7th Dist.).

{¶14} The rental of a government-owned facility to accommodate a private wedding reception is not a duty imposed by the state; only benefits some, and not all of the state's citizens; is a function customarily engaged in by profit-making businesses as opposed to governmental entities; and is not designated by statute in the list of specified governmental functions. *See, e.g., Peart v. Seneca Cty.*, 808 F.Supp.2d 1028 (N.D.Ohio 2011) ("renting jail space to the federal government in a profit-making venture is more properly considered a proprietary function than a governmental one for the purposes of § 2744 immunity").

{¶15} The hall rental does not fall within the definition of government functions because the activity is not listed in R.C. 2744.01(C)(1)(a), (b), or (C)(2). The activity involves an undertaking customarily engaged in by nongovernmental entities. We agree with Frenz that the exception to immunity contained in R.C. 2744.02(B)(2) applies because the rental and operation of Springvale Ballroom to host wedding receptions falls within the statutorily-defined category of a "civic or social center," and the "operation and control" of such constitutes a proprietary function.

{¶16} However, in *Parker v. Distel Constr., Inc.*, 4th Dist. No. 10CA18, 2011-Ohio-4727, the court held that "before R.C. 2744.02(B)(2) will remove a political subdivision's immunity, the plaintiff must establish * * * the elements required to sustain a negligence action — duty, breach, proximate cause, and damages [as well as showing] that the negligence arose out of a 'proprietary function.'" *Id.* at ¶ 13.

{¶17} The city concedes in its motion for summary judgment, that it had "a duty of ordinary care to maintain the ballroom in a reasonably safe condition so that the customers are not exposed to unnecessary danger." Frenz alleges that the city created an unsafe condition by maintaining "very slick conditions as the result of [a] highly polished/buffed floor," and negligently failed to remedy the situation and/or warn patrons concerning the same. She relies in part on the deposition testimony of facility manager Martin Young to demonstrate that the city breached its duty of care to maintain the ballroom floor in a reasonably safe condition. In Young's deposition, he outlined the floor maintenance protocols followed and chemicals used when cleaning and polishing the ballroom dance floor.

{¶18} Frenz supports her theory of proximate causation with the deposition testimony of her mother and sister as well as event coordinator Sarah Barnhart, all of whom stated that the floor surface was "slippery."

{¶19} We find that Frenz has demonstrated an exception to immunity pursuant to R.C. 2744.02(B)(2).[2] The trial court's decision, therefore, must be upheld unless the city has established an affirmative defense to the exception.

---

[2]Frenz alternatively argues that the "physical defect" exception to immunity contained in R.C. 2744.02(B)(4) is applicable if this court finds that the alleged negligence involves the maintenance of a recreational facility, an undertaking designated by statute to be a governmental function. In light of our determination that the city was engaged in a proprietary function, we need not address this argument.

**{¶20}** Under the third tier of an immunity analysis, the city argues that its summary judgment motion should be granted because it:

> is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee. R.C. 2744.03(A)(3).

**{¶21}** The city contends that the use and application of floor wax on the ballroom floor was not a routine endeavor, but instead was an undertaking requiring specialized knowledge due to the historic nature of the building. Therefore, the floor maintenance constituted an immune discretionary function encompassed within the duties and responsibilities of the facilities manager.

**{¶22}** In *Hall v. Ft. Frye Loc. School Dist. Bd. of Edn.*, 111 Ohio App.3d 690, 676 N.E.2d 1241 (4th Dist.1996), the court noted that "[i]mmunity operates to protect political subdivisions from liability based upon discretionary judgments concerning the allocation of scarce resources; it is not intended to protect conduct which requires very little discretion or independent judgment." *Hall* at 699. *See also Kettering ex rel. Moser v. Kettering*, 2d Dist. No. 10596,1988 WL 10121, at \*3, *rev'd on other grounds*, 37 Ohio St.3d 233, 525 N.E.2d 490 (1988) (R.C. 2744.03(A)(3) applies to budgeting, management, or planning). Property maintenance does not involve "the type of judgment or discretion contemplated by R.C. 2744.03(A)(3) * * *." *Hall* at 702.

**{¶23}** The affirmative defense listed in R.C. 2744.03(A)(3) is inapplicable to the facts of the case before us because the negligence alleged does not involve "policy-making, planning, or enforcement powers." Floor maintenance is janitorial work involving routine, everyday matters.

**{¶24}** The city alternatively asserts that R.C. 2744.03(A)(5) applies and that it is immune from liability if Frenz's injury:

> resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

The city points out that Frenz's complaint failed to allege that the floor was waxed with a malicious purpose, in bad faith, or in a wanton or reckless manner.

**{¶25}** Immunity pursuant to R.C. 2744.03(A)(5) relates to activities that require the balancing of alternatives or making decisions involving a heightened amount of official judgment or discretion. *Inland Prods., Inc. v. Columbus*, 193 Ohio App.3d 740, 2011-Ohio-2046, 954 N.E.2d 141, ¶ 62 (10th Dist.). Discretion, in reference to R.C. 2744.03(A)(5), involves the exercise of independent judgment and policymaking. *Hacker v. Cincinnati*, 130 Ohio App.3d 764, 770, 721 N.E.2d 416 (1st Dist.1998). "[R]outine decisions requiring little judgment or discretion and that, instead, portray inadvertence, inattention, or unobservance, are not covered by the defense provided by R.C. 2744.03(A)(5)." *Hubbell v. Xenia*, 175 Ohio App.3d 99, 2008-Ohio-490, 885 N.E.2d 290, ¶ 22 (2d Dist.).

{¶26} Decisions concerning maintenance of the ballroom floor do not involve policymaking or a high degree of discretion, and therefore, the affirmative defense contained in R.C. 2744.03(A)(5), likewise, does not apply to this case. The trial court properly denied the city's motion for summary judgment.

{¶27} Judgment affirmed.

It is ordered that appellees recover of appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR