[Cite as *Calet v. E. Ohio Gas Co.*, 2017-Ohio-348.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| JUNE CALET, et al. | | C.A. No. 28036 |
| Appellees | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| EAST OHIO GAS COMPANY, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CV-2014-08-3758 |

DECISION AND JOURNAL ENTRY

Dated: January 31, 2017

CARR, Presiding Judge.

{¶1} Appellant, the City of Akron, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This matter arises out of an incident that occurred on August 25, 2012. June Calet was teaching a class at the YMCA aimed at helping runners prepare for the upcoming Akron Marathon. The training regimen involved running portions of the marathon course. On the morning of August 25, 2012, Calet was leading the class on an 18-mile run that traversed a portion of Brown St., in Akron. While some members of the class had progressed ahead, Calet and another woman were running side-by-side on Brown St. Calet determined that, for safety reasons, it was necessary to move from the street to the sidewalk. When Calet ran through the grassy tree lawn to the sidewalk, her left foot went into a hole, causing her to fall to the ground.

Calet suffered numerous injuries as a result of the incident, including damaged vertebrae and a badly broken wrist.

{¶3} On August 14, 2014, June Calet, and her husband John, filed a complaint against East Ohio Gas Co. ("Dominion"), alleging claims of negligence and loss of consortium due to negligence. Shortly thereafter, Calet filed an amended complaint naming the City of Akron as a party and adding a second negligence claim. Dominion filed an answer to the complaint that included a cross-claim against the City of Akron for contribution. The City subsequently filed separate answers to the amended complaint and the cross-claim, generally denying the allegations and further asserting that it was immune from liability.

{¶4} The City filed a motion for summary judgment. The City made numerous arguments in support of its motion, including that it was statutorily immune from liability. Calet filed a brief in opposition to the motion for summary judgment, and the City replied thereto. On November 9, 2015, the trial court issued a journal entry denying the City's motion on the basis that an exception to immunity was applicable in this case pursuant to R.C. 2744.02(B)(2).

{¶5} On appeal, the City raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY DENYING THE CITY OF AKRON'S MOTION FOR SUMMARY JUDGMENT[.]

{¶6} In its sole assignment of error, the City argues that the trial court erred in denying its motion for summary judgment. Specifically, the City contends that it is immune from liability under R.C. 2744.02(A) and that no statutory exemptions to immunity are applicable in this case. This Court disagrees.

{¶7} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶8} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶10} R.C. 2744.02(A) provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection

with a governmental or proprietary function." The City qualifies as a political subdivision pursuant to R.C. 2744.01(F). When it has been determined that a party generally qualifies for immunity due to its status as a political subdivision, the second tier of the analysis is to determine whether one of the five exceptions to immunity set forth in R.C. 2744.02(B) is applicable. *Shepard v. Akron*, 9th Dist. Summit No. 26266, 2012-Ohio-4695, ¶ 16. Under R.C. 2744.02(B)(2), a political subdivision is liable for injury, death, or property loss caused by the subdivision's employees' "negligent performance with respect to proprietary functions." *Coleman v. Portage Cty. Engineer*, 133 Ohio St.3d 28, 2012-Ohio-3881, ¶ 15. R.C. 2744.01(G)(2)(c) states that a "proprietary function" means "[t]he establishment, maintenance, and operation of a utility, including, but not limited to, a light, gas, power, or heat plant, a railroad, a busline or other transit company, an airport, and a municipal corporation water supply system[.]"

**Background**

{¶11} In denying the motion for summary judgment, the trial court rejected the City's argument that it was immune from liability. The City asserted in its motion that it was the condition of the sidewalk that caused the accident, emphasizing that sidewalks do not fall under the public roads exemption to political subdivision immunity. The trial court determined that there was evidence to support the conclusion that Calet's injury was caused by an access hole to the water distribution system, and not the sidewalk itself. The access hole in question fell under the purview of the City of Akron Public Utilities Bureau, Water Distribution Division, who is tasked with maintenance of the water distribution system. The trial court concluded that because maintenance of the water distribution system constituted a proprietary function, the City was not

immune from liability as proprietary functions are specifically exempted from political subdivision immunity under R.C. 2744.02(B)(2).

**Discussion**

{¶12} The City's principal argument on appeal is that it is immune from liability as a political subdivision under R.C. 2744.02(A) and that no statutory exception is applicable in this case. The City maintains that it was the condition of the sidewalk that caused Calet to fall. The City argues that because a sidewalk does not fall under the "public roads" exception to political subdivision immunity under R.C. 2744.02(B)(3), the trial court erred in denying its motion for summary judgment. The City further argues that even if a proprietary function analysis is applicable in this case, it did not have actual or constructive notice of the hazard. With respect to the elements of negligence, the City argues that it did not owe Calet a duty under the Public Duty Rule. The City further contends that it did not owe a duty to Calet because the condition was open and obvious, and further because Calet assumed the risk of her actions. Finally, the City raises numerous additional arguments in support its contention that Calet could not prove her negligence claim including, but not limited to, the City's allegation that the proximate cause of Calet's injuries were her own actions.

{¶13} We begin our discussion by underscoring that the scope of the City's appeal is limited to the immunity issue. Though a trial court's order denying a motion for summary judgment is generally not a final, appealable order, R.C. 2744.02(C) permits the City to appeal to the extent that the trial court's order denies a political subdivision the benefit of an alleged immunity from liability. *Davis v. Akron*, 9th Dist. Summit No. 27014, 2014-Ohio-2511, ¶ 12. Thus, while the trial court addressed a number of issues in its journal entry denying the City's motion for summary judgment, this Court's review is limited to whether, when construing the

facts in the light most favorable to Calet, the City established that it is immune from liability as a matter of law. *Davis* at ¶ 14.

**{¶14}** There is no dispute in this case that the City is entitled to a general grant of immunity under R.C. 2744.02(A)(1). The issue is whether the action for which Calet seeks to hold the City accountable evokes the proprietary function exception to immunity under R.C. 2744.02(B)(2).

**{¶15}** A review of the summary judgment materials does not support the City's contention that the evidence unequivocally showed that Calet's fall resulted from the condition of the sidewalk as opposed to the negligent performance of a proprietary function. Calet stated in her deposition that as she ran over the tree lawn to get from the street to the sidewalk, her left foot went down into a hole, causing her to fall forward. Upon climbing to her feet, Calet looked back to find that her fall had been caused by a sizeable hole in the sidewalk. Photographs of the hazard showed a six-inch circular hole that was six inches in diameter and made of PVC piping. There was no cover over the opening. A supervisor for the City's Water Distribution Division identified the hole as a "water curb box" and explained that it contained a valve used by the City to control water service to that location.

**{¶16}** The maintenance and operation of a municipal corporation water supply system is a proprietary function pursuant to R.C. 2744.01(G)(2)(c). The supervisor testified that the City was responsible for the installation of the water curb box in 1987. Though there was not an extensive record of repairs to the water curb box, Calet presented evidence showing that City employees and technicians had been at that location for various reasons relating to their responsibilities in maintaining the water system. "The 'establishment, maintenance, and operation' of a municipal corporation water supply system encompasses, but is not limited to, the

installing of * * * equipment, and other materials which are a necessary part of the system and such activity is a proprietary function of a political subdivision." *Hill v. Urbana*, 79 Ohio St.3d 130 (1997), paragraph two of the syllabus. While it is not difficult to conceive of circumstances where the deterioration, weathering, or flawed design of a sidewalk may result in a dangerous condition, Calet presented evidence here that could support the conclusion that the hazard that engulfed Calet's foot existed for the purpose of allowing the City to engage in the proprietary function of maintaining the City's water supply system. We reiterate that summary judgment is not appropriate where the facts, which must be viewed in a light most favorable to the party opposing the motion, are subject to reasonable dispute. *Friebel v. Visiting Nurse Assn. of Mid-Ohio*, 142 Ohio St.3d 425, 2014-Ohio-4531, ¶ 33. Moreover, while the City contends that it did not have actual or constructive notice of the hazard, a trier of fact might reasonably conclude that the City had actual notice of the hole given that the City was responsible for its installation and its employees went to that location in the years preceding Calet's fall. Under these circumstances, we cannot accept the City's contention that there was not, at a minimum, a question of material fact regarding whether the proprietary function exception articulated in R.C. 2744.02(B)(2) was applicable in this case.

{¶17} Finally, the City argues that even if the proprietary function exception to immunity is applicable in this case, immunity is restored pursuant to R.C. 2744.03(A)(3) & (5). R.C. 2744.03(A)(3) restores immunity when the issue stems from a decision that "was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee." The City suggests that Calet's lawsuit is premised on the notion that the City, in its discretion, declined to institute a policy or plan for the inspection for safety inspection of water distribution components

under its control. This argument is without merit, however, as Calet's theory of the case focuses on the City's alleged negligent maintenance of the specific location on Brown Street as opposed to a broader policy making or planning concern. The City also points to R.C. 2744.03(A)(5), which restores immunity when the alleged injury "resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources[.]" Courts must construe the R.C. 2744.03(A)(5) discretionary defense narrowly. *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551 (2000). The defense articulated in R.C. 2744.03(A)(5) pertains to decisions involving a heightened degree of official judgment or discretion. *Inland Prods. Inc. v. Columbus*, 193 Ohio App.3d 740, 2011-Ohio-2046, ¶ 62 (10th Dist.). The City emphasizes that its water distribution service area covers 125 square miles and services 300,000 residents, mandating the superintendent of the Water Distribution Division to make countless decisions about the deployment of personnel and the use of equipment. Though the City suggests that it may have been more focused on the challenges of providing water services to a large number of people, it has not provided evidence of a specific discretionary decision in relation to alleged hazard that caused Calet's injury. *Compare East Ohio Gas Co. v. Akron*, 9th Dist. Summit No. 25830, 2012-Ohio-3780, ¶ 10 (where the City identified a specific discretionary decision regarding the allocation of resources to repair a water main break). We are mindful that "routine decisions requiring little judgment or discretion and that, instead, portray inadvertence, inattention, or unobservance, are not covered by the defense provided in R.C. 2744.03(A)(5)." *Hubbell v. Xenia*, 175 Ohio App.3d 99, 2008-Ohio-490, ¶ 22 (2d Dist.). Thus, as the City has not pointed to evidence indisputably demonstrating that Calet's injuries resulted from a specific decision, or heightened degree of official judgment, pertaining to the water curb box at issue in this case, we

cannot say that the trial court erred in concluding that the City was not entitled to immunity from liability pursuant R.C. 2744.03(A)(5) at the summary judgment phase.

{¶18} The assignment of error is overruled.

### III.

{¶19} Calet's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

EVE V. BELVANCE, Director of Law, and MICHAEL J. DEFIBAUGH and JOHN CHRISTOPHER REECE, Assistant Directors of Law, for Appellant.

MICHAEL J. ELLIOTT, Attorney at Law, for Appellees.